# EXHIBIT 1

CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
### 500 Indiana Avenue, N.W., Room JM-170
### Washington, D.C. 20001  Telephone: 879-1133

ELLIPSO, INC.
VIRTUAL GEOSATELLITE LLC
*Plaintiff*

vs.

JOHN F. DRAIM

*Defendant*

0005563-06

Civil Action No. _____

## SUMMONS

To the above named Defendant:

    You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

    You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

DAVID BOGART DORT
Name of Plaintiff's Attorney

1025 CONNECTICUT AVE NW, 1012
Address

WASHINGTON, DC 20036

202-483-1085
Telephone

By _____
Deputy Clerk

Date _____

**PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170**

**YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170**

**NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.**

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**

RECEIVED
Civil Clerk's Office

JUL 20 2006

Superior Court of the
District of Columbia
Washington, D.C.

ELLIPSO, INC.,
A Delaware Corporation,

and

VIRTUAL GEOSATELLITE LLC, a
Delaware Limited Liability Company,

Plaintiffs

v.

John E. DRAIM, an individual,

Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. _____

**COMPLAINT FOR THEFT OF TRADE SECRETS**

DC Code §36-401 et seq.

**DEMAND FOR JURY TRIAL**

0005563-06

---

Plaintiff, Virtual Geosatellite LLC ("Virtual Geo") and its parent company Ellipso, Inc. ("Ellipso"), for its complaint against Defendant John E. Draim states as follows:

## PARTIES

1.    Plaintiff Ellipso, Inc., is a Delaware Corporation, and its subsidiary, Virtual Geosatellite, is a Delaware Limited Liability Company, both with their principal place of business in Washington, DC at 4400 Massachusetts Avenue NW, Suite 385, Washington, DC.

2.    John E. Draim is a resident of the State of Virginia residing at: 9310 Telfer Court Vienna, VA.

## JURISDICTION AND VENUE

3.    Venue is proper pursuant to District of Columbia Code, §36, Chapter 4, et. seq..

4.    Personal Jurisdiction is proper in this Court under DC Code §13-421 through 424, as, *inter alia*, the events that gave rise to this cause of action occurred within the District of Columbia.

## STATEMENT OF FACTS

-1-

COMPLAINT FOR THEFT OF TRADE SECRETS

5.   Ellipso, Inc predecessor (MCHI) was formed in August 1991 to develop new satellite technologies. Ellipso formed several subsidiaries since 1991, including Virtual Geosatellite LLC and Mobile Communications Holdings, Inc. became a subsidiary of Ellipso in 1998 (all these are herein referred to collectively "Ellipso" or "Ellipso companies").

6.   John E. Draim was engaged as a consultant the Ellipso companies from 1992 to 1997, and 1997 he became an employee of the Ellipso companies from May, 1997 to at least May 24, 2000.

7.   John E. Draim agreed to assign all his inventions to the Ellipso companies in the course of both his consulting and employment terms with Ellipso.

8.   On September 10, 1999, Virtual Geosatellite filed a Provisional Patent Application with the United States Patent and Trademark Office ("USPTO"), entitled FIXED SATELLITE CONSTELLATION SYSTEM EMPLOYING NON-GEOSTATIONARY SATELLITES IN SUB-GEOSYNCHRONOUS ELLIPTICAL ORBITS WITH COMMON GROUND TRACKS naming David Castiel, Jack Anderson, and John Draim all as co-inventors. The Provisional Application was given serial No. 60/153,289. The provisional application was assigned to Virtual Geo LLC either explicitly or under employment agreement (herein the '289 provisional).

9.   On February 3, 2000, a provisional application entitled "Creating and array virtual geostanional [sic] satellites that provide 2 degree separations at apogee (and thourghout [sic] the active arcs), and non-interference with the geo ring", naming David Castiel and John Draim as co-inventors, was filed and subsequently given application serial no. 60/180,025 (herein the '025 provisional).

10.   John E. Draim left the employ of the Ellipso companies on approximately May 25, 2000 to join an illegally reverse merged company VGS, which later became Space Resources of America (herein "SRA").

-2-

11.  John Draim became an employee of VGS immediately after leaving the Ellipso companies.

12.  In May, 2000, a lawsuit was filed by the Ellipso companies in Delaware Court of Chancery to have the illegal VGS merger reversed.

13.  In September, 2000, the Delaware Court of Chancery ruled that the merger of the Ellipso companies into VGS was illegal and that all property, including trade secrets and intellectual property, must be returned to the Ellipso companies and issued an injunction prohibiting VGS and its agents from using or claiming any rights to Ellipso's property.  The appeal was subsequently denied.

14.  Personnel at VGS were aware of the ruling from the Delaware Court of Chancery that Ellipso's property was to be returned.

15.  VGS subsequently became Space Resources of America (herein "SRA").  SRA and its related entities are believed to have been incorporated under the Laws of Bermuda and had their main place of business in the District of Columbia.

16.  John Draim became an employee of SRA.  It is believed that Draim was employed by SRA under the same terms as he had with VGS, including an indemnification he sought from SRA for legal issues with Ellipso arising out of his employment with SRA.

17.  On September 8, 2000, Ellipso filed a Non-provisional patent application entitled FIXED SATELLITE CONSTELLATION SYSTEM EMPLOYING NON-GEOSTATIONARY SATELLITES IN SUB-GEOSYNCHRONOUS ELLIPTICAL ORBITS WITH COMMON GROUND TRACKS, claiming priority to the September 10, 1999 provisional patent application, and naming Castiel, Anderson, and Draim as co-inventors.  The application was subsequently given serial no. 09/658,215 (herein the '215 application).

-3-

18. According to testimony given by John Draim in a DC Federal District Court (DC 01-2690), Draim filed a patent application on November 3, 2000, which was designed to "interfere" with subject matter in a patent application (herein "Satellite Slot Application") that he had already been assigned to the Ellipso companies by Draim, and filed by Ellipso. The specifics of this patent application remain unknown. It is unknown if Draim named himself sole inventor of the Satellite Slot Application.

19. It is believed that Draim has assigned or agreed to assign the Satellite Slot Application to SRA in exchange for compensation and/or property.

20. John E. Draim filed a patent application through his attorneys, Arnold and Porter, on November 13, 2000, entitled SYSTEM AND METHOD FOR IMPLEMENTING A CONSTELLATION OF NON-GEOSTATIONARY SATELLITES THAT DOES NOT INTERFERE WITH THE GEOSTATIONARY SATELLITE RING which was assigned Serial No. 09/709,820, (herein the "'820 application") and subsequently assigned it to SRA. It is not known whether the agreement to assign was executed prior to or before the filing of patent application or the amount of compensation and/or property that Draim received for the assignment of the patent application.

21. According to 35 USC §122, The Patent Laws for patent applications filed before November 29, 2000 were such that the application was not published prior to issuance or voluntary publication, and therefore patent Applications filed prior to November 29, 2000 in the USPTO, were to remain confidential under they issued or were voluntarily published or disclosed.

22. John E. Draim filed a patent application through his attorneys on December 29, 2000, entitled SYSTEM AND METHOD FOR IMPLEMENTING A CONSTELLATION OF NON-GEOSTATIONARY SATELLITES THAT PROVIDES SIMPLIFIED SATELLITE TRACKING, which was assigned Serial No. 09/750,047, (herein the "'047 application") and subsequently

-4-

assigned it to SRA.  It is not known whether the agreement to assign was executed prior to or before the filing of patent application, or the amount of compensation and/or property that Draim received for the assignment of the patent application.

23.      On February 5, 2001, Ellipso filed a non-provisional patent application with the USPTO entitled "VIRTUALLY GEOSTATIONARY SATELLITE ARRAY" claiming priority to the '025 Application, and naming David Castiel and Jay Brosius as inventors.Several lawsuits were filed between the Ellipso companies and SRA and related entities, between January 1, 2001 and January 1, 2003 in various jurisdictions, including the DC Superior Court, Federal Southern District of New York, Federal Eastern District of Virginia, and Federal District of the District of Columbia.

24. On February 22, 2002, Draim filed a Patent Application entitled "System and method for satellite communications" in the USPTO, it was subsequently given serial No. 10/079,411 (herein the '411 application).  It is believed that Draim assigned this application to SRA for compensation and/or property.

25. On September 19, 2002, the '047 application was published, pursuant to the revised 35 USC §122.

26. On September 26, 2002, Draim's '411 application was published, pursuant to the revised 35 USC §122.  The Application was subsequently amended to include claims that are believed to have been assigned by Draim to Ellipso.  The Application recently went abandoned.

27. Draim's '820 Patent Application remained confidential and not published in March 2, 2004 when it issued as US Patent 6,701,126.

28.  Draim's '126 Patent Issued (and therefore published) on March 2, 2004, so that this action is brought within the three year statute of limitations as required by DC Law §36-406.

29. Draim's '047 Patent Application issued on March 30, 2004 when it issued as US Patent 6,714,521

30. In July, 2005, all issues pending in the Southern District of New York case were resolved between the SRA companies and most of the associated parties and the Ellipso companies in a settlement agreement.

31. The settlement agreement of July, 2005 did not resolve the remaining disputes between Draim and the Ellipso companies.

32. On October 11, 2005, Ellipso's '215 application issued as US Patent No. 6,954,613.

33. A request for reexamination was filed with the United States Patent and Trademark Office on March 18, 2006, pursuant to 35 USC 302, against Draim's '126 patent. The request stated that all elements of all claims of Draim's '126 patent, were anticipated or disclosed by Ellipso's '613 patent.

34. A general principle of patent law is that an applicant has the right to claim material disclosed in a patent application during its pendency before the USPTO. Therefore, Virtual Geo was assigned Draim's rights that had been claimed by Draim in his '126 patent.

35. Between March 30, 2005 and the present, Ellipso has untaken substantial effort and cost to file patent applications claiming subject matter that it believes itself entitled to and claimed by Draim in one his patents or patent applications that are believed to be assigned to SRA.

36. A bench trial between Ellipso and John Draim was held on April 18, 2006, and resulted in a monetary judgment for Draim for patent bonuses after Draim left the employ of the Ellipso companies

37. During the bench trial between Draim and Ellipso on April 18, 2006, Draim testified under oath to acts that give rise to this complaint for theft of trade secrets, namely, that Draim filed

-6-

at least one patent application covering and/or claiming subject matter which he had already assigned to Ellipso.

38. On May 16, 2006, the Commissioner for Patents ordered the reexamination of Draim's '126 patent, stating that Ellipso's '613 patent appeared to anticipated each and every element of the '126 patent.

## COUNT

### Theft of Trade Secrets

39. Plaintiff incorporates and re-alleges paragraphs 1 through the immediately preceding paragraph as though fully set forth herein.

40. It is a general principle of trade secret law that a patent application that is held in confidence by the United States Patent and Trademark Office is a trade secret until it is made public. Thus, an unpublished patent application is a trade secret.

41. After John Draim had left Ellipso, John Draim misappropriated, *inter alia*, the content of at least two confidential patent applications belonging to Ellipso, derived patent applications from Ellipso's confidential patent applications, naming himself as sole inventor, and assigned the rights to subject matter contained in the copied Ellipso's confidential patent application to a third party for monetary compensation and/or property.

42. Ellipso is filing this complaint for theft of trade secrets within the three year time limit of actual discovery or discovery with diligence, namely, the '126 patent issued and published on March 2, 2004. Other discovery of Draim's misappropriation of trade secrets was discovered after March 2, 2004 and afterward, and, in particular, during Draim's testimony before the US District Court in the bench trial of April 18, 2006 (see Exhibit A).

43. The USPTO determination of reexamination of May 16, 2006, may show by a preponderance of the evidence that Draim's '126 patent claimed material that Draim had already

-7-

1   assigned to Ellipso and Ellipso owned in a confidential patent application.  Thus, Draim may have

2   taken confidential patent application information from Ellipso in violation of DC Code §36,

3   Chapter 4.

4

5       44. Ellipso has been financially damaged by Draim's theft of trade secrets in violation of DC

6   Code §36, Chapter 4, namely, that Ellipso has been forced to spend a substantial sum of money in

7   recovering its intellectual property, including, but not limited to, the disclosure contained in

8   Draim's Satellite Slot Application and disclosed and claimed Draim's '126 patent.  The disclosure

9   and claims these patent applications are believed to have been assigned to Ellipso by Draim before

10  Draim's department from Ellipso.

11

12      45. Ellipso has been damaged by the theft of trade secrets by John Draim in violation of DC

13  Code §36, Chapter 4, namely, that intellectual property of at least, but not limited to the content of

14  the '820 application was misappropriated by Draim, and then represented as belonging to a

15  competitor of Ellipso.

16

17      46. Draim has been unjustly enriched in violation of DC Code §36, Chapter 4, by the sale,

18  license or transfer of rights of at least the '820 application to a third party, which he did not own.

19                          **RELIEF REQUESTED**

20  WHEREFORE, Plaintiff Ellipso prays for the following relief:

21      (a) For compensation for the costs associated with regaining the trade secret (intellectual

22  property) that was misappropriated by Draim, namely, legal costs associated with the

23  misappropriation for an amount that will be proven at trial, but in any event is an amount no less

24

25  than $25,000;

26      (b) For compensation for the loss of economic opportunity associated with Draim's

27  misappropriation of Ellipso's intellectual property which Draim represented as belonging to a

28  third party, the amount of loss of economic opportunity for an amount that will be proven at trial,

-8-

1   but in any event is an amount to be believed that is no less than $75,000, and no greater than

2   $7,500,000;

3       (c) For the return of all of Draim's profits and property gained by the sale, license or

4

5   transfer of trade secrets or intellectual property that Draim had previously assigned to Ellipso

6   and/or currently belonging to Ellipso, for an amount that will be proven at trial, but is believed to

7   be no less than $5,000;

8       (d)    For attorney's fees;

9       (e)    For costs of the suit herein;

10      (f)    For any punitive damages that the court deems appropriate; and

11

12      (g)    For such other and further relief as the Court may deem just and proper.

13                          **DEMAND FOR JURY TRIAL**

14      Plaintiff Ellipso, Inc, hereby demands trial by jury of all issues so triable.

15  Dated:  July 20, 2006

16

17

18  By_____

19      David Bogart Dort
        DC Bar No. 465,478
20      Rubinstein Law Group
        A Professional Law Corporation
21      Attorneys for Plaintiff
        Ellipso, Inc.
22      Virtual Geosatellite LLC

23

24

25      Rubinstein Law Group, P.C.
        1025 Connecticut Avenue NW, 1012
26      Washington, DC 20036
        202-327-5417

27

28



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION



ELLIPSO, INC.
    Vs.                             C.A. No.      200       563 B
JOHN E DRAIM

## INITIAL ORDER

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order, and any General Order issued **by the judge** to whom the case is assigned. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(o).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

Chief Judge Rufus G. King, III

Case Assigned to: Judge MARY A. TERRELL
Date:  July 20, 2006
Initial Conference: 9:15 am, Friday, October 27, 2006
Location:  Courtroom 219
             500 Indiana Avenue N.W.
             WASHINGTON, DC  20001

Caio.doc

SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

ELLIPSO, INC.,                                          )
a Delaware Corporation                                  )
                                                        )
and                                                     )
                                                        )
VIRTUAL GEOSATELLITE LLC,                               )        Civil Action No. 06ca5563
a Delaware Limited Liability Company,                   )
                                                        )        Judge Mary A. Terrell
        Plaintiffs,                                     )
                                                        )
                v.                                      )
                                                        )
JOHN E. DRAIM,                                          )
                                                        )
        Defendant.                                      )
                                                        ) .

## NOTICE OF FILING NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1446, John E. Draim, by counsel, submits this Notice of

Filing of Notice of Removal and states that on August **3** 2006, defendant John E.

Draim filed the attached Notice of Removal in the United States District Court for the

District of Columbia.

                                JOHN E. DRAIM

                                By Counsel

TROUTMAN SANDERS, LLP
1660 International Drive, Suite 600
McLean, Virginia 22102
(703) 734-4356

By: _____
        John F. Anderson
        (D.C. Bar No. 393764)

## CERTIFICATE OF SERVICE

I hereby certify that on this **3RD** day of August 2006, a copy of the foregoing Notice of Filing Notice of Removal was served by first class mail to the following:

David Bogart Dort
Rubinstein Law Group, P.C.
1025 Connecticut Avenue, N.W.
Suite 1012
Washington, D.C. 20036

John F. Anderson

2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ELLIPSO, INC.,
a Delaware Corporation

and

VIRTUAL GEOSATELLITE LLC,                    Civil Action No.
a Delaware Limited Liability Company,

    Plaintiffs,

       v.

JOHN E. DRAIM,

    Defendant.

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1446, John E. Draim ("Draim"), by counsel, submits this Notice of Removal and states:

1.     On July 20, 2006, plaintiffs commenced an action against Draim in the Superior Court for the District of Columbia, Civil Division, Civil Action No. 06ca005563 (the "Superior Court action") by filing a Complaint for Theft of Trade Secrets. The United States District Court for the District of Columbia is the District Court embracing the place where the action is pending. True copies of all process, pleadings and orders filed in the Superior Court action are attached hereto as Exhibit 1.

2.     Draim was served with the Superior Court action on July 22, 2006. This Notice of Removal is filed within thirty (30) days of the date of service on the summons

and Complaint on the defendant. Consequently, this notice is timely under 28 U.S.C. §
1446(b).

      3.      Based on the information contained in the Complaint, at the time of the
commencement of this action and at the time of filing of this Notice of Removal plaintiff
Ellipso, Inc. is a Delaware Corporation with a principal place of business in the District
of Columbia and plaintiff Virtual Geosatellite LLC is a Delaware Limited Liability
Company with a principal place of business in the District of Columbia.

      4.      At the time of the commencement of this action and at the time of filing of
this Notice of Removal Draim is an individual residing in the Commonwealth of Virginia.

      5.      Plaintiffs claim damages in the Complaint in excess of $75,000.
Accordingly, the amount in controversy in the Superior Court action exceed the sum or
value of $75,000 exclusive of interest and costs.

      6.      This Court has original jurisdiction over this civil action pursuant to 28
U.S.C. § 1332, and this action is one that may be removed to this Court pursuant to the
provisions of 28 U.S.C. § 1441(b) because it is a civil actions between citizens of
different states in this the amount in controversy exceeds the sum of $75,000 exclusive
of interest and costs.

      7.      Removal of this case on the basis of diversity of citizenship is not
precluded by the provisions of 28 U.S.C. § 1441(b) because Draim is not a citizen of the
District of Columbia.

JOHN E. DRAIM

By Counsel


TROUTMAN SANDERS, LLP
1660 International Drive, Suite 600
McLean, Virginia  22102
(703) 734-4356

By: _____
John F. Anderson
(D.C. Bar No. 393764)


## CERTIFICATE OF SERVICE

I hereby certify that on this **3RD** day of August 2006, a copy of the foregoing Notice of Removal was served by first class mail to the following:

David Bogart Dort
Rubinstein Law Group, P.C.
1025 Connecticut Avenue, N.W.
Suite 1012
Washington, D.C.  20036

_____
John F. Anderson

3