UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELLIPSO, INC., ) <br> a Delaware Corporation ) <br> ) <br> and ) <br> ) <br> VIRTUAL GEOSATELLITE LLC, ) <br> a Delaware Limited Liability Company, ) <br> ) <br>     Plaintiffs, ) <br> ) <br>           v. ) <br> ) <br> JOHN E. DRAIM, ) <br> ) <br>     Defendant. ) <br> ) | Civil Action No. 1:06cv01373 (JR) |

## MOTION TO DISMISS

John E. Draim ("Draim"), by counsel, hereby moves this Court to dismiss the Complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).  In support of this Motion, Draim submits the accompanying Memorandum.

                                JOHN E. DRAIM

                                By Counsel

TROUTMAN SANDERS, LLP
1660 International Drive, Suite 600
McLean, Virginia  22102
(703) 734-4356

By:   ___John F. Anderson_____
        John F. Anderson
        (D.C. Bar No. 393764)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELLIPSO, INC.,<br>a Delaware Corporation<br><br>and<br><br>VIRTUAL GEOSATELLITE LLC,<br>a Delaware Limited Liability Company,<br><br>    Plaintiffs,<br><br>        v.<br><br>JOHN E. DRAIM,<br><br>    Defendant. | Civil Action No. 1:06cv01373 (JR) |

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

John E. Draim ("Draim"), by counsel, submits this Memorandum in support of his Motion to Dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.  As shown below, plaintiffs' most recent Complaint asserting a claim for "theft of trade secrets" is fatally deficient for a variety of reasons – all of which plaintiffs are aware of and have completely ignored in filing this action.  This new Complaint is nothing more than a tactic by the plaintiffs to harass Draim following the recent resolution of the claims filed by the parties in 2001 by Judge Facciola in Draim's favor.

### Procedural Background

In October 2001 Draim filed an action in the United States District Court for the Eastern District of Virginia, asserting various claims against the plaintiffs in this action and others.  That case was transferred to the United States District Court for the District

2

of Columbia pursuant to 28 U.S.C. § 1631 and was assigned Civil Action No. 1:01cv2690 (JR/JMF).  On November 5, 2001, the plaintiffs in this action (along with Mobile Communications Holdings, Inc.) filed an action against Draim in the D.C. Superior Court.  One of the four counts asserted in that Complaint was for violation of the District of Columbia Uniform Trade Secrets Act (Count III).  Draim removed that case to the United States District Court and eventually that case was consolidated with Draim's earlier filed action under Civil Action No. 1:01cv2690 (JR/JMF).

The parties in the previous action responded to interrogatories, document requests and requests for admissions in 2002 and early 2003.  The parties and other witnesses in that action were deposed in 2002 and early 2003.  The consolidated case was set for trial on May 5, 2003.  On April 28, 2003, Mobile Communications Holdings, Inc. filed a voluntary petition under Chapter 11 of the Bankruptcy Code and requested that all proceedings be stayed, including the trial that was to begin the following week.  The request for a stay was granted and the trial was taken off calendar.  Draim then petitioned the Bankruptcy Court for a lift of the automatic stay and the Bankruptcy Court granted Draim's request on June 18, 2003.  The bankruptcy action was dismissed on July 24, 2003.

After several settlement conferences before Judge Facciola, in 2005 the parties agreed to limit the claims to be presented to the Court for determination to whether Draim was entitled to any payment for bonuses for patents that issued after he resigned from his employment with the plaintiffs in this action.  The plaintiffs in this case agreed to dismiss the claims asserted against Draim in that action (including the claim under the D.C. Uniform Trade Secrets Act) and Draim agreed to dismiss his claims against

David Castiel individually and his claims for rescission of the patent assignments and his claim for an equity interest in Virtual Geosatellite, LLC ("Virtual Geo"). (See Joint Statement filed March 17, 2006).

On November 28, 2005, this Court entered an Order referring that matter to Judge Facciola for all purposes, including the entry of judgment. That case was tried before Judge Facciola on April 18, 2006. On May 15, 2006, Judge Facciola issued his Findings of Fact, Conclusions of Law and Order in which he found that Draim was entitled to an award of $78,125.02 for patent bonuses plus prejudgment interest from the date of issuance of each patent. On May 23, 2006, the Court entered a Final Judgment in the amount of $78,125.02 plus $15,393.87 in prejudgment interest. The defendants in that action (plaintiffs in this action) filed a motion to amend the Findings of Fact and Conclusions of Law and Order and a motion for a new trial. Those motions are pending before Judge Facciola.

On July 20, 2006, plaintiffs filed another Complaint in the D.C. Superior Court against Draim, again alleging that Draim misappropriated trade secrets when he left their employment in May 2000. Draim removed the Complaint to this Court on August 3, 2006.

**Relevant Factual Background**

Draim worked for the plaintiffs either as a consultant or an employee from 1992 until May 2000. (Complaint ¶ 6). During his employment with the plaintiffs, Draim agreed to assign his inventions to the plaintiffs. (Complaint ¶ 7). In May 2000 Draim resigned from the plaintiffs' employment and went to work for a company that had been formed earlier that year called VGS, Inc. ("VGS"). (Complaint ¶ 10). VGS was formed

4

by Peter Sahagen and several others who previously had been associated with the plaintiffs and other entities affiliated with David Castiel. As a part of his employment agreement with VGS and later Space Resources of America ("SRA"), Draim assigned his inventions to either VGS or SRA. (Complaint ¶¶ 19-26). As a result, Draim is not the owner of any of the patents referred to in plaintiffs' Complaint.

     The formation of VGS by Peter Sahagen prompted the filing of various lawsuits in Delaware, New York and the District of Columbia. (Complaint ¶ 23). After several years of litigation, Castiel and the Castiel entities settled their claims against Sahagen and the Sahagen entities. (Complaint ¶ 30). The Settlement Agreement executed by the plaintiffs in this action and referred to in their Complaint, specifically mentions the earlier consolidated Draim action in this Court and states that the parties intend to resolve all claims and disputes between them including their claim of ownership to the intellectual property set forth in Exhibits A and B. Exhibits A and B identify the patents issued from the applications referred to paragraphs 8, 9, 17, 20, and 22-29 of the Complaint. In the Settlement Agreement the parties acknowledged and agreed that to the extent the Patent Office confers ownership, certain parties would be the lawful owner of the patents, claims and improvements as set forth in the Exhibits. In conjunction with the Settlement Agreement, the Castiel entities executed a general release of all claims and causes of action, whether known or unknown. That general release included John Draim as a releasee.

     In 2002 and through April 2003, Draim, SRA and others provided documents to the plaintiffs in response to discovery requests in the earlier action that referred to and reflected the patent applications complained of in this action. For example, in the earlier

5

Draim action, the complete file wrapper for the application referred to in paragraph 18 of the Complaint was produced by SRA to counsel for the plaintiffs in this action on April 16, 2003. (SRA 3036-3487).[1] In addition, documents relating to the application filed on November 13, 2000, assigned application number 09/709,280 (not '820 as indicated in the Complaint) that issued as patent number 6,701,126 referred to in paragraphs 20, 27 and 28 were produced to plaintiffs' counsel in the earlier Draim action in April 2003. (SRA 1-17; 618-673).[2] Plaintiffs' awareness of these applications is also shown by the fact that starting in late December 2002 and continuing into early January 2003, David Castiel wrote Draim a series of threatening and harassing letters referring to these applications, asserting that Draim had "fenced" property of Ellipso and demanding that the applications be assigned to Virtual Geo.

While plaintiffs state in their Complaint that an unpublished patent application is a trade secret until it is made public (Complaint ¶ 40), the plaintiffs fail to inform the Court of the public disclosures that they made of the inventions claimed in the two provisional applications described in the Complaint. (Complaint ¶¶ 8, 9). For example, in January 1999, Virtual Geo filed an application with the FCC for the VIRGO system. On March 23, 1999, the FCC made a finding that this application (along with several others) would

---

[1] Plaintiffs state in Complaint that the specifics of this application remain unknown even though they have had a copy of it for over three years. In addition, the documents used by the plaintiffs at the earlier trial in which they state Draim testified he filed an application designed to interfere with a pending Castiel application (Trial Exhibits 16 and 17) were used during the deposition of Draim taken on April 11, 2003. Trial Exhibit 16 states that the accompanying application "is the one intended to provoke an interference, if there has in fact been a parallel filing". There was nothing new in Draim's testimony during the trial in April 2006.

[2] A complete copy of the International Application containing the invention claimed in the '280 application was published in May 2002 and was provided to plaintiffs' counsel in the document production in April 2003. (SRA 618-673).

6

be available for review and comments from the public. The FCC application submitted by Virtual Geo disclosed and described the system claimed in the '289 provisional application referred to in paragraph 8 of the Complaint and was available to the public prior to the filing of any patent application by either VGS or SRA, Draim's employers. The invention that is referred to in paragraph 9 of the Complaint and that was the subject of a February 3, 2000 provisional application was publicly disclosed by agents of the plaintiffs at least as early as the World Radiocommunication Conference that was held in May and June 2000 – again, prior to the filing of any patent applications by Draim's employers.

## ARGUMENT

Plaintiffs filed this action again asserting a claim against Draim for violation of the District of Columbia Trade Secrets Act, D.C. Code § 36-401, *et seq.* ("the Act"). To state a claim for relief under the Act, a plaintiff must allege sufficient facts to establish that a **trade secret** has been misappropriated. Plaintiffs' Complaint fails to identify with any specificity the "trade secrets" that were allegedly misappropriated. The Act defines a trade secret as information that derives actual or potential independent economic value from not being generally known to another **and** the information is the subject of reasonable efforts to maintain its secrecy. D.C. Code § 36-401(4). In order to state a claim under the Act, a plaintiff must allege and prove that at the time of the alleged misappropriation, the claimed trade secret **was not known to the public** and that the information was **the subject of reasonable efforts to maintain its secrecy**. Plaintiffs have not only failed to allege what the "trade secrets" were, but they have failed to

allege that at the time of the asserted misappropriation they were not known to the public and were the subject of efforts to maintain their secrecy.

The Act also requires that an action for misappropriation must be brought within 3 years after the misappropriation is discovered or, by the exercise of reasonable diligence, should have been discovered.  The facts are undisputed that plaintiffs knew of the alleged misappropriation in November 2001 when they filed their first Complaint against Draim alleging a claim for misappropriation under the Act.  In addition, during that litigation the plaintiffs were provided with the documents underlying their current claim in this action more than three years prior to the filing of this action.

The Act provides that if a claim of misappropriation is made in bad faith the Court may award the prevailing party reasonable attorney's fees.  D.C. Code § 36-404.  Plaintiffs' refiling of the same claims it presented and dismissed in the earlier action, claims that it released and settled in the Settlement Agreement executed in July 2005, claims that it knew about for more than three years prior to the filing of this action and claims that are based on information that plaintiffs publicly disclosed prior to the alleged misappropriation, reflect the bad faith nature of this action and call for not only its dismissal, but an award of attorney's fees in defending this action.

First, the basis of plaintiffs' trade secrets claim appears to be the inventions claimed in the patent applications filed in September 1999 and February 2000 referred to in paragraphs 8 and 9 of the Complaint.  However, plaintiffs do not (and cannot in good faith) allege that the inventions claimed in those applications were not known and available to the public in November 2000, when it is alleged that Draim filed the first patent application allegedly using that information.  Furthermore, plaintiffs do not (and

8

cannot in good faith) allege that they took reasonable steps to keep the information a secret since they publicly disclosed that information in FCC filings and in presentations in conferences prior to November 2000. Once a provisional application is filed and an invention date established, public disclosure of the claimed invention is not uncommon and has not adverse consequences to the patent prosecution or protections afforded under the patent laws. The failure to allege a trade secret as required in the Act is in itself sufficient grounds to dismiss the Complaint.

Nevertheless, it is also clear that any claim under the Act would be barred by the statute of limitations. The Act requires that any action be brought within 3 years of the alleged misappropriation. There is no question that plaintiffs were aware of Draim's filing of the patent applications complained of in the Complaint by at least April 2003, when the majority of the documents had been produced in the earlier action. By the end of April 2003, plaintiffs had in their possession a copy of all the patent applications filed by SRA and complained of in this action.

Even if the claims were not barred by the statute of limitations in the Act, they would be barred since plaintiffs have already filed an action against Draim raising claims under the Act and plaintiffs were aware of all the alleged uses of the information in filing patent applications during that action. To the extent any such claims were not raised and litigated in the earlier filed action, they are barred because the plaintiffs are not allowed to split their cause of action and file multiple cases involving the same facts and circumstances.

The claims are also barred since the plaintiffs agreed to dismiss the claims against Draim under the Act in the earlier action. There is no question that the plaintiffs

9

and Draim each agreed to dismiss certain claims in the previous action and to allow the sole remaining claim relating to patent bonuses be resolved by the Court. To the extent plaintiffs had any viable claim under the Act, plaintiffs agreed to dismiss those claims.

Finally, in July 2005 plaintiffs entered into the Settlement Agreement referenced in paragraph 30 of the Complaint. As a part of that Settlement Agreement, plaintiffs released the Sahagen parties (specifically including John Draim) from all claims and causes of action, whether known or unknown. To the extent plaintiffs had any viable claim under the Act, plaintiffs have released those claims.

## CONCLUSION

For the reasons stated above, Draim requests that the Complaint be dismissed and that he be awarded his attorney's fees and costs incurred in defending this action pursuant to D.C. Code § 36-404 (1).

                              JOHN E. DRAIM

                              By Counsel

TROUTMAN SANDERS, LLP
1660 International Drive, Suite 600
McLean, Virginia  22102
(703) 734-4356

By:    John F. Anderson       
       John F. Anderson
       (D.C. Bar No. 393764)

## CERTIFICATE OF SERVICE

I hereby certify that on this _9th__ day of August 2006, a copy of the foregoing was served by first class mail to the following:

> David Bogart Dort
> Rubinstein Law Group, P.C.
> 1025 Connecticut Avenue, N.W.
> Suite 1012
> Washington, D.C. 20036

          John F. Anderson
          _____
          John F. Anderson