**Rubinstein Law Group**
A Professional Law Corporation
David Bogart Dort, DCDC. Bar No. 465,728
1025 Connecticut Avenue NW, 1012
Washington, DC 20036
Telephone:    (202) 423-1085
Facsimile:    (202) 318-7729
Attorneys for Plaintiff(s),
Ellipso, Inc.;
Virtual Geosatellite LLC

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELLIPSO, INC.., A Delaware Corporation, and VIRTUAL GEOSATELLITE LLC, a Delaware Limited Liability Company,<br><br>Plaintiffs<br>v.<br><br>John E. DRAIM, an individual,<br><br>Defendant. | Case No. 1:06cv01373 (JR)<br><br>OPPOSITION TO DEFENDANT'S MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES |

Plaintiff, Virtual Geosatellite LLC ("Virtual Geo") and its parent company Ellipso, Inc. ("Ellipso"), through its attorneys, hereby Opposes Defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). A Memorandum of Points and Authorities is submitted herewith.

Respectfully submitted,

By: **/s/ David Bogart Dort**

**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

Ellipso, Inc. and Virtual Geosatellite LLC (collectively referred to as "Ellipso") submits this Memorandum of Points and Authorities in Opposition to Defendant's Motion to Dismiss the Complaint pursuant to F.R.C.P. 12(b)(6). As shown below, Defendant's Motion to Dismiss cannot succeed as:

a) Defendant's Motion must not be granted as Ellipso's Complaint has sufficiently stated a cause of action upon which relief can be granted;

b) Defendant's argument relies on facts that are either: a) irrelevant to the present case as identified by the assertions in the Complaint, or are b) material facts as recited by the Complaint, that are in dispute;

c) Ellipso is not precluded from bringing a Trade Secret Misappropriation action against Defendant.

d) In the alternative, Defendant's Motion to Dismiss must be converted into a Motion for Summary Judgment pursuant to F.R.C.P. 56, which should, in turn, be subsequently denied. Defendant relies on facts that are either in dispute, not in evidence in this case, or are not relevant to this case, and, as such, if the Court considers any of the material recited by Defendant in his Motion to Dismiss, it should do so pursuant to a properly noticed motion for Summary Judgment pursuant to F.R.C.P. 56 and not F.R.C.P. 12(b)6.

e) In the second alternative, if the Court finds that the Defendant's Motion to Dismiss is sufficient to be granted, Ellipso asks this Court for leave to file an Amended Complaint, pursuant to *Fed R. Civ. Proc. 15(a)*.

**ARGUMENT**

In considering a Motion to Dismiss a Complaint under Rule 12(b)(6) the court must construe each and every allegation set forth by the plaintiff such that each and every allegation in the plaintiff's complaint is deemed to be true. *Fed. R. Civ. Proc.12(b)(6).* Furthermore, the court must consider each allegation in the complaint in a light most favorable to the plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974); *Shear v. National Rifle Association*, 606 F.2d, 1251, 1253, DC

Cir. 1979). Because Ellipso's Complaint is sufficient on its face to sustain a judgment in favor of Plaintiffs, Defendant's motion must be denied. In the alternative, if the Court elects to consider facts external to Ellipso's Complaint, Defendant's Motion must be converted by the Court into Motion for Summary Judgment pursuant to F.R.C.P. 56 – permitting Plaintiffs' adequate notice to prepare and submit evidence in opposition to any such motion.

Further, a Motion to Dismiss must not be granted if a defense or preclusion does not appear on the face of the complaint. *Wright & Miller Federal Practice and Procedure, Civil 2d §1357* (1989). Because there is no preclusion or affirmative defense recited in the Complaint, the Court cannot grant the Defendant's Motion to Dismiss.

## I. ELLIPSO'S COMPLAINT SUFFICIENTLY STATES A CAUSE OF ACTION AGAINST DEFENDANT AND DOES NOT GIVE RISE TO AN AFFIRMATIVE DEFENSE

### A. Defendant's Motion To Dismiss Must Be Denied Because The Allegations In Ellipso's Complaint Are Legally Sufficient To State A Cause Of Action Under Dc Code §36, Chapter 4.

Defendant's Motion to Dismiss must be denied because the allegations in Ellipso's Complaint are legally sufficient to state a cause of action under DC Code §36, Chapter 4. When considering a Motion filed under F.R.C.P. 12(b)(6), the court must construe all the allegations set forth in the complaint in a light favorable to the plaintiff and the allegations in the complaint must be taken as true. *Scheuer,* 416 U.S. at 236.

¶41 of the Ellipso's Complaint states:

"that John Draim misappropriated, *inter alia*, the content of at least two confidential patent applications belonging to Ellipso, derived patent applications from Ellipso's confidential patent applications, naming himself as the sole inventor, and assigned the rights to subject matter contained in the copies of Ellipso's [sic] patent applications to a third party for monetary compensation and/or property."

Further, ¶42 of Ellipso's Complaint states:

"Ellipso is filing this complaint for theft of trade secrets within the three year time limit of actual discovery or discovery with diligence, namely, the '126 patent issued and published on March 2, 2004…

At least in these two paragraphs, Ellipso has stated at least one sufficient cause of action against Defendant as follows:

1) Ellipso alleges that it owned trade secrets in ¶41 of Complaint. Thus, Ellipso has asserted that the subject matter of ¶41 meets the definition of Trade Secret under DC Code §36-401 as the Court must construe the Complaint in a light more favorable to Ellipso.

2) Ellipso alleges that the trade secrets were, *inter alia*, the disclosure and claimed subject matter of confidential patent applications and Ellipso asserts that trade secrets were still secret at the time of misappropriation. See ¶41 of the Complaint. (Again, the Court must assume the allegation is true and construe the Complaint in a light most favorable to Ellipso.)

3) Ellipso alleges that the Complaint was brought within three years of discovery or the exercise of reasonable diligence in ¶42 of the Complaint. (Again, the Court must assume the allegation is true and construe the Complaint in a light most favorable to Ellipso.)

4) Ellipso alleges that the Defendant misappropriated confidential patent application information and misappropriated claimed subject matter, *i.e.* misappropriated trade secrets in ¶43 of the Complaint. (Again, the Court must assume the allegation is true and construe the Complaint in a light most favorable to Ellipso.)

Further:

5) Ellipso asserts that it was damaged as a result of the Defendant's misappropriation of the trade secrets to which it refers in at least ¶ 41-43. See Complaint ¶ 44-45. As set forth in at least in ¶41-45 of Ellipso's Complaint (and supporting factual allegations) meets all the requirements of setting forth a cause of action under DC Code §36, Chapter 4.

Therefore, the Court must deny Defendant's Motion to Dismiss, because Ellipso's Complaint states a cause of action upon which Ellipso can be granted relief.

## B. Ellipso's Assertions In The Complaint Are Timely Filed And Are Therefore Not Subject To The Statute Of Limitations.

Ellipso's assertions in the Complaint are timely filed and are therefore not in violation of the Statute of Limitations. When an Affirmative Defense is raised in a Motion to Dismiss, the Motion can only be granted where the defense appears clearly in the allegations set forth in the Complaint. See *Wright & Miller Federal Practice and Procedure, Civil 2d §1357* (1989). Ellipso clearly states that it has met the timeliness requirement of DC Code §36, chapter 4 in its Complaint.

DC Code §36-406 states:

An action for misappropriation must be brought within 3 years after the misappropriation is discovered or, by the exercise of reasonable diligence, should have been discovered. For the purposes of this section, a continuing misappropriation constitutes a single claim.

The allegations in Ellipso's Complaint in ¶42 and ¶43 state that Ellipso has brought the Complaint for Theft of Trade Secrets within three years of actual discovery or diligence of the actual discovery of the misappropriation by Defendant. The act requires that a plaintiff bring an action pursuant to the Act within 3 years of discovery or the exercise of reasonable diligence. The allegations set forth in the Complaint recite that Ellipso has brought this action within three years of discovery or by the exercise of reasonable diligence in ¶ 20-21, 27, and ¶ 42 of the Complaint, which must be taken as true, and construed in the light most favorable to Plaintiff.

Because the allegations in the Complaint must be taken to be true, the Court must deny Defendant's Motion that the allegations in the Complaint are not timely. Any factual assertions made by Defendant in the instant Motion to Dismiss must be ignored by this Court in denying the Motion to Dismiss. However, if in the event that the Court considers the external statements made by Defendant in the Motion to Dismiss, they are irrelevant to Ellipso's Complaint. Provisional applications allegedly publicly disclosed (even if not redacted) in March, 1999 are not the

disclosed subject matter and/or claimed subject matter of the material discussed in Ellipso's Complaint at ¶8 and 9 and therefore are not relevant to Ellipso's Complaint at this point in the proceedings.

**II. ELLIPSO IS NOT PREVENTED FROM FILING A COMPLAINT AGAINST THE DEFENDANT FOR THE THEFT OF TRADE SECRETS BECAUSE THE DEFENDANT IS NOT COVERED BY ANY SETTLEMENT AGREEMENT OR OTHER PRECLUSION**

### A. Ellipso Is Not Prevented From Pursuing An Action Against The Defendant For Theft Of Trade Secrets Because The Defendant Is Not Covered By Any Settlement Agreement

Ellipso is not prevented from pursuing an action against Defendant for Theft of Trade Secrets because Defendant is not signatory to or excluded by any settlement agreement. Defendant's Motion must not be granted based on Defendant's assertion that Plaintiff's Complaint is precluded by a settlement agreement. Further, because Ellipso's Complaint must be construed in a light most favorable to Ellipso, it must be assumed from the Complaint that Plaintiff is not prevented from pursuing a cause of action and Plaintiff's assertions at ¶31 must be taken to be true, i.e. that any settlement agreement between Ellipso and third parties is not relevant to this proceeding or the Defendant in this action.

Further, the assertion that Defendant's conduct is covered by a settlement agreement is logically inconsistent with the assertions set forth by Defendant in his Memorandum in Support of his Motion to Dismiss. Defendant clearly did not settle any pending lawsuits with Ellipso, but rather continued pursuing claims against Ellipso in case number 01cv02960, pending in DC Federal District Court. Thus, Defendant appears to be arguing that he cannot be sued under the terms of an agreement to which he has no responsibility and he apparently refused to sign.

### B. Ellipso's Complaint for theft of trade secrets, under DC Code §36, chapter 4 is not barred by *Res Judicata* in 01:cv2690

Ellipso's Complaint for theft of trade secrets, under DC Code §36, chapter 4 is not barred by *Res Judicata*. Defendant states that Ellipso and Defendant each agreed to dismiss certain

claims in a previous action, 01:CV2690, *Draim v. Virtual Geosatellite LLC,* and to allow the sole remaining claim relating to patent bonus*e*s by resolved by the Court.   Defendant references an Order of November 28, 2005 that simply refers to an assignment to Judge Facciola for purposes of trial.  However, Ellipso's Complaint asserts that it is not barred by *res judicata* and, on the face of its Complaint, and, as such, the assertion must be construed in a light most favorable to Ellipso.

In his Memorandum, Defendant refers to a Joint Statement of March 17, 2006, an Order of April 18, 2006, and a Findings of Fact and Conclusions of Law and Order of May 15, 2006. However, nothing in these documents indicates that any claims that Ellipso could have pursued against Defendant are prejudiced against Ellipso.  Furthermore, because Ellipso alleges in its Complaint that at least one count of the Trade Secret Misappropriation occurred as late as March 2, 2004, it is clear that from the face of the Complaint (which must be construed in the light most favorable to Ellipso), that Ellipso may not have been able to pursue all the particular Trade Secret Theft claims against Defendant in a previous action.

Nothing in the Complaint or the record of the *Draim v. Virtual Geosatellite LLC,* indicates that any Trade Secret Theft dismissal was with prejudice or either party is barred from pursuing the dismissed claims, nor would, as recited by the complaint, Ellipso, have had full opportunity to pursue it claims against the Defendant.

## **CONCLUSION**

As Ellipso has stated a cause of action upon which relief can be granted, and is not precluded from pursuing any Trade Secret Theft action against Defendant, nor is any affirmative defense shown by Ellipso's Complaint, the Court must deny Defendant's Motion to Dismiss in full.

In the alternative, because Defendant cannot assert external facts in a Motion to Dismiss under F.R.C.P. 12(b)(6), if the Court considers any external facts, this court must convert Defendant's motion to a Summary Judgment Motion under Rule 56 and allow each party to prepare evidence and affidavits in support such a Motion.

1  In the second alternative, if the Court finds that the Defendant's Motion to Dismiss is
2  sufficient to be granted, Ellipso asks this Court for leave to file an Amended Complaint, pursuant
3  to *Fed R. Civ. Proc. 15(a)*.
4
5  Dated: August 22, 2006             By:__ /s/ David Bogart Dort
   David Bogart Dort
6                                         DCDC Bar No. 465,728
7                                         Rubinstein Law Group, PC
                                          Attorneys for Plaintiffs
8                                         Ellipso, Inc.;
9                                         Virtual Geosatellite LLC

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Ellipso, Inc., A Delaware Corporation, and VIRTUAL GEOSATELLITE LLC, a Delaware Limited Liability Company,<br><br>              Plaintiffs<br>     v.<br><br>John E. Draim, an individual,<br><br>              Defendant. | Case No. 1:06cv01373 (JR)<br><br><br><br>**CERTIFICATE OF SERVICE** |

## CERTIFICATE OF SERVICE

In reference to the above-captioned case, I hereby certify that on <u>August 22, 2006</u>, I hereby caused a copy of the following document(s): OPPOSITION TO DEFENDANT'S MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES, to be served by First Class Mail and Facsimile on:

   John F. Anderson
   TROUTMAN SANDERS LLP
   1660 International Drive, Suite 600
   McLean, VA 22102
   Fax: 703-448-6530

By:  <u>David Bogart Dort</u>

David Bogart Dort