UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ELLIPSO, INC.,                                         )
a Delaware Corporation                           )
                                                               )
and                                                          )
                                                               )
VIRTUAL GEOSATELLITE LLC,                 )          Civil Action No. 1:06cv01373 (JR)
a Delaware Limited Liability Company,    )
                                                               )
          Plaintiffs,                                    )
                                                               )
                         v.                                 )
                                                               )
JOHN E. DRAIM,                                    )
                                                               )
          Defendant.                                   )
                                                               )

## REPLY OF JOHN DRAIM IN SUPPORT
## OF HIS MOTION TO DISMISS THE COMPLAINT

John E. Draim ("Draim"), by counsel, hereby submits this Reply in support of his

Motion to Dismiss the Complaint.

Plaintiffs' Opposition to Draim's Motion to Dismiss relies heavily on the principles

that "each and every allegation" set forth in the Complaint is deemed to be true and that

each and every allegation must be considered in the light most favorable to the plaintiff.

Plaintiffs also argue that no matters outside of the pleadings can be considered in

deciding a Motion to Dismiss.  As shown below, the bases for plaintiffs' arguments are

misplaced and the Court should grant Draim's Motion to Dismiss.

While it is true that all **well-pled factual allegations** in a Complaint must be

deemed to be true in deciding a Motion to Dismiss, the same is not true for legal

conclusions contained in the Complaint.  *Estate Construction Co. v. Miller & Smith*

*Holding Co.,* 14 F.3d 213, 217-18 (4th Cir. 1994); *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992).  The allegations in a Complaint must be stated in terms that are neither vague nor conclusory and a mere allegation that the defendants violated the law is insufficient to survive a Rule 12(b)(6) motion.  *Estate Construction*, 14 F.3d at 220-21.

In addition, when an allegation in the Complaint refers to a document, such as the Settlement Agreement referred to in paragraphs 30 and 31 of the Complaint, the Court may consider that document in deciding a Motion to Dismiss.  *Kane Enterprises v. MacGregor (USA), Inc.*, 322 F.3d 371, 374 (5th Cir. 2003).  Similarly, the Court is allowed to take judicial notice of prior proceedings – such as the case previously litigated between the same parties, involving the same issues in this Court.  *Pryor v. National Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3rd Cir. 2002).  In fact, plaintiffs make repeated references to this earlier litigation in their Complaint. (See, Complaint ¶¶ 18, 36, 37).

## ARGUMENT

Plaintiffs' Complaint fails to allege sufficient facts to support a claim for misappropriation of trade secrets under D.C. Code § 36-401.  As set forth in Draim's opening Memorandum, in order for information to be a trade secret the information must have independent economic value from not being generally known to and not being readily ascertainable by another and the information must be the subject of reasonable efforts to maintain its secrecy.  Plaintiffs' Complaint fails to set forth sufficient facts to establish either of these essential elements of a trade secret.  The conclusory assertion in paragraph 41 of the Complaint that the content of two "confidential patent

applications" prepared and filed by Draim when he was employed by the plaintiffs was used by Draim to prepare patent applications in his own name at a later time does not establish that the information allegedly "misappropriated" was not known to the public at the time of the alleged misappropriation or that the plaintiffs undertook any reasonable efforts to maintain its secrecy.  For these reasons, the Complaint should be dismissed for failure to state a claim upon which relief can be granted.

In addition, it is clear from the Settlement Agreement referred to in the Complaint that plaintiffs released Draim from all causes of action whether known or unknown. While plaintiffs are correct that Draim was not a signatory to the Settlement Agreement and that Draim did not release his claims against the plaintiffs, it is clear that in order to settle the claims with the Sahagen entities, plaintiffs agreed to, and did, release their claims against Peter Sahagen, various entities controlled by Peter Sahagen and their claims against John Draim.  It was in conjunction with this "global settlement" with the Sahagen entities that plaintiffs agreed to dismiss their theft of trade secret claims against Draim in the earlier action in this Court and allowed Draim to pursue his claim for patent bonuses.

Even if the Complaint did state a claim upon which relief can be granted and the claim had not been released by the plaintiffs, the claim would be barred by the three year statute of limitations.  As shown in the record of the previous proceedings in this Court, plaintiffs were provided with information and documents relating to Draim's actions following his departure from plaintiffs' employment, more than three years before this action was filed.  Plaintiffs' conclusory allegation that the action was brought within three years of discovery of the misappropriation cannot overcome the facts that

plaintiffs were aware of and pursued an action in this Court against Draim for

misappropriation of these very same "trade secrets" beginning in late 2001.

For the reasons stated above and for the reasons stated in Draim's opening

Memorandum, the Complaint should be dismissed and Draim should be awarded his

fees and costs incurred in defending this action pursuant to D.C. Code § 36-404.


JOHN E. DRAIM

By Counsel


TROUTMAN SANDERS, LLP
1660 International Drive, Suite 600
McLean, Virginia  22102
(703) 734-4356


By:    ____/s/ John F. Anderson_____
       John F. Anderson
       (D.C. Bar No. 393764)