UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ELLIPSO, INC., *et al.*,           :
                                   :
        Plaintiffs,                :
                                   :
    v.                             :  Civil Action No. 06-1373 (JR)
                                   :
JOHN E. DRAIM,                     :
                                   :
        Defendant.                 :

**MEMORANDUM ORDER**

Virtual Geosatellite LLC and its corporate parent Ellipso, Inc. filed this lawsuit under D.C. Code § 36, Chapter 4, alleging that defendant John Draim, a former Ellipso consultant and employee, misappropriated their trade secrets. This court appears to have diversity jurisdiction. Defendant has moved to dismiss [4]. For the reasons discussed below, the motion to dismiss is **denied**.

**Facts**[1]

Ellipso, Inc. was formed to develop new satellite technologies. It holds controlling interests in several subsidiaries, including Virtual Geosatellite LLC.[2] John Draim worked for the Ellipso companies as a consultant between 1992 and 1997 and as an employee from 1997 to 2000. While so employed, he

---

[1] The facts, unless otherwise noted, are undisputed.

[2] Plaintiffs are herein referred to collectively as "Ellipso" or the "Ellipso companies."

agreed to assign all his inventions to Ellipso.  When he left Ellipso in May 2000, Draim immediately began working for VGS, Inc. ("VGS"), which later became known as Space Resource America Corporation ("SRA").

Ever since Draim's departure from Ellipso, he and Ellipso have been parties to, or involved in, intellectual property litigation.  Lawsuits have been filed in or removed to the Southern District of New York and the Eastern District of Virginia, as well as this District.  The complaint in this particular action alleges theft of trade secrets – that, when Draim filed two patent applications (the '126 and '820[3] patents) and assigned the applications to SRA, [1] ¶¶ 39-46, he misappropriated content from at least two confidential patent applications filed by Ellipso.  Id.

## Analysis

Draim argues that Ellipso has failed to present facts sufficient to make out a prima facie case of trade secret misappropriation.  He also asserts defenses grounded in the statute of limitations, issue preclusion, settlement and release, and a prior agreement to dismiss these claims.

On a motion to dismiss, courts must grant "plaintiffs the benefit of all inferences that can be derived from the facts alleged, [but] need not accept inferences . . . unsupported by

---

[3]Referred to by defendant as '280.

the facts set out in the complaint[,] [n]or legal conclusions cast in the form of factual allegations." Kowal v. MCI Communications Corp., 16 F.3d 1271 (D.C. Cir. 1994).

A claim of trade secret misappropriation confronts a threshold inquiry into whether the misappropriated materials actually are trade secrets,[4] i.e., whether the materials in question (1) derive or may derive economic value from remaining secret, and (2) "[are the] subject[s] of reasonable efforts [by their owner] to maintain [their] secrecy." D.C. Code § 36-401(4); see Catalyst & Chem. Servs. v. Global Ground Support, 350 F. Supp. 2d. 1, 11, 16-17 (D.D.C. 2004) (owner of trade secrets must exert reasonable effort to safeguard their secrecy).

Draim argues that the Ellipso companies have not alleged facts sufficient to support this element of their claim. Instead, Ellipso's complaint alleges only that Draim included materials from Ellipso's previously filed patent applications in his later applications numbered '126 and '820 and asserts that "an unpublished patent application is a trade secret," [1] ¶ 40,

---

[4]This is the first of three elements in a claim of trade secret misappropriation. The three elements of the claim are: "(1) existence of a trade secret; (2) acquisition of the trade secret as a result of a confidential relationship; and (3) unauthorized use or disclosure of the secret resulting in loss or damages." Catalyst & Chem. Servs. v. Global Ground Support, 350 F. Supp. 2d. 1, 9 (D.D.C. 2004) (internal quotations omitted).

as a matter of law.  Plaintiffs have not identified with any specificity the allegedly misappropriated trade secrets, nor have they asserted that they made reasonable efforts to maintain the secrecy of these vaguely referenced "trade secrets."

Plaintiffs' trade secrets claim, however, will be dismissed under Fed. R. Civ. Proc. 12(b)(6) "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Swierkiewicz v. Sorema, 534 U.S. 506, 514,(2002) (internal quotations omitted). That is not the case here.  It is perfectly "consistent with [Ellipso's] allegations" that the contents of Ellipso's earlier patent applications were the subject of efforts to maintain their secrecy and therefore properly constitute trade secrets.  Id.; see also, Sparrow v. United Airlines, Inc., 216 F.3d 1111, 1113 (D.C. Cir. 2000).  Plaintiffs may not have not supplied facts supporting such a conclusion, but such facts are not required at this stage.  Indeed, "[r]ule 8(a)(2) of the Federal Rules of Civil Procedure requires only a short and plain statement of the claim for relief[;] [f]actual detail is unnecessary." Krieger v. Fadely, 211 F.3d 134, 136 (D.C. Cir. 2000) (internal citations and quotation marks omitted); see also, DSMC, Inc. v. Convera Corp., 273 F. Supp. 2d 14, 24-25 (D.D.C. 2002) (finding no heightened pleading requirements for trade secrets claims). Since Ellipso's complaint "need not . . . match facts to every

- 4 -

element of a legal theory," it will not be dismissed simply because it fails to allege detailed facts supporting the first element of its trade secrets claim.  <u>Krieger</u>, 211 F.3d at 136. Disposing of this claim as "factually-deficient" on a motion to dismiss rather than a motion for summary judgment would contravene the purpose of Rule 8.  <u>Id.</u>

The remainder of defendant's arguments are insufficiently developed on the record before the court and therefore inappropriate for resolution on a motion to dismiss. Defendant argues that plaintiffs' claim violates the statute of limitations because plaintiffs knew about the alleged misappropriation at least as early as April 2003 when relevant documents were produced in an earlier action.  This court is not privy to the details of discovery in earlier actions, and therefore is unequipped to determine whether this claim is barred by the statute of limitations.  Similarly, the arguments concerning issue preclusion, settlement and release, and prior agreement to dismiss certain claims are beyond the court's ability to evaluate without proper attachments and further arguments from both parties.

      A motion for summary judgment would tee up these issues for proper consideration.  It might also illuminate defendant's request for attorney's fees under D.C. Code § 36-404(1).

                            JAMES ROBERTSON
                      United States District Judge