UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ELLIPSO, INC., et al.,          )
                                )
    Plaintiffs,                 )
                                )
        v.                      )     Civil Action No. 1:06cv01373 (JR)
                                )
JOHN E. DRAIM,                  )
                                )
    Defendant.                  )

## ANSWER TO COMPLAINT

John E. Draim ("Draim"), by counsel, hereby responds to the averments asserted in the Complaint as follows:

1.    Draim is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint and therefore those allegations are denied.

2.    Draim admits the allegations contained in paragraph 2 of the Complaint.

3.    Paragraphs 3 and 4 of the Complaint contain purported conclusions of law to which no response is necessary. To the extent that a response is necessary, Draim admits that this Court has jurisdiction over this action.

4.    Draim is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint and therefore those allegations are denied.

5.    In response to the allegations contained in paragraph 6 of the Complaint, Draim admits that in November 1992 he entered into a Consulting Agreement with Mobile Communications Holdings, Inc. ("MCHI"); that in 1997 he became an employee

of MCHI; and that in May 2000 he resigned from his employment with MCHI. Draim denies the remaining allegations contained in paragraph 6 of the Complaint.

6. In response to the allegations contained in paragraph 7 of the Complaint, Draim admits that the Consulting Agreement contained a provision whereby he agreed to assign to MCHI or its nominee all rights in inventions or other proprietary information conceived by him during the term of the agreement with respect to any work which he performed and was financially compensated for under the Agreement. Draim denies the remaining allegations contained in paragraph 7 of the Complaint.

7. In response to the allegations contained in paragraph 8 of the Complaint, Draim admits that on September 10, 1999 a Provisional Patent Application was filed with the United States Patent and Trademark Office entitled "Fixed Satellite Constellation System Employing Non-Geostationary Satellites in Sub-Geosynchronous Elliptical Orbits With Common Ground Tracks" naming David Castiel, Jack Anderson and John Draim as inventors and that the application was given serial number 60/153,289. Draim denies the remaining allegations contained in paragraph 8 of the Complaint.

8. In response to the allegations contained in paragraph 9 of the Complaint, Draim admits that on February 3, 2000 a Provisional Patent Application was filed entitled "Creating An Array of Virtual Geostantional Satellites That Provide 2 Degree Separations at Apogee (and Throughout the Active Arcs), and Non-Interference With The Geo Ring" naming John Draim and David Castiel as inventors and that the application was given serial number 60/180,025. Draim denies the remaining allegations contained in paragraph 9 of the Complaint.

9. In response to the allegations contained in paragraph 10 of the Complaint, Draim admits that in May 2000 he left his employment with MCHI and began working for VGS, Inc. and in September 2000 he became employed by Space Resource America Corporation. Draim denies the remaining allegations contained in paragraph 10 of the Complaint.

10. In response to the allegations contained in paragraph 11 of the Complaint, Draim admits that he signed an employment agreement with VGS, Inc. the day following his resignation from MCHI. Draim denies the remaining allegations contained in paragraph 11 of the Complaint.

11. In response to the allegations contained in paragraph 12 of the Complaint, Draim admits that in May or June 2000 a lawsuit was filed in the Court of Chancery in Delaware in which VGS, Inc., David Castiel, Virtual Geosatellite Holdings, Inc., Ellipso, Inc., Virtual Geosatellite LLC, Peter Sahagen, Thomas Quinn, Neel Howard and Sahagen Satellite Technology Group LLC were parties. Draim is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 12 of the Complaint and therefore those allegations are denied.

12. In response to the allegations contained in paragraph 13 of the Complaint, Draim admits that on or about August 31, 2000 a Memorandum Opinion was issued by the Court of Chancery of Delaware finding that the purported merger of Virtual Geosatellite LLC into VGS, Inc. was invalid and was rescinded; that VGS, Inc. was enjoined from continuing to assert ownership or control over Virtual Geosatellite LLC's property including its funds and its license application to the FCC; and that the ruling was appealed. Draim is without knowledge or information sufficient to form a belief as

to the truth of the remaining allegations contained in paragraph 13 of the Complaint and therefore those allegations are denied.

13. In response to the allegations contained in paragraph 14 of the Complaint, Draim admits that at some point in time some personnel of VGS, Inc. became aware of the ruling from the Court of Chancery of Delaware. Draim is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 14 of the Complaint and therefore those allegations are denied.

14. Draim is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint and therefore those allegations are denied.

15. In response to the allegations contained in paragraph 16 of the Complaint, Draim admits that in September 2000 he became an employee of Space Resource America Corporation ("SRAC") and that his employment agreement with SRAC contained an indemnification provision. Draim denies the remaining allegations contained in paragraph 16 of the Complaint.

16. In response to the allegations contained in paragraph 17 of the Complaint, Draim admits that on September 8, 2000 a Patent Application was filed entitled "Fixed Satellite Constellation System Employing Non-Geostationary Satellites in Sub-Geosynchronous Elliptical Orbits With Common Ground Tracks" claiming priority to the September 10, 1999 Provisional Patent Application naming David Castiel, Jack Anderson and John Draim as inventors and that the application was given serial number 658,215 and ultimately issued as U.S. Patent No. 6,954,613. Draim is without knowledge or information sufficient to form a belief as to the truth of the remaining

4

allegations contained in paragraph 17 of the Complaint and therefore those allegations are denied.

17.  In response to the allegations contained in paragraph 18 of the Complaint, Draim admits that in November 2000 a Patent Application entitled "Virtual Geostationary Satellite Constellation and Method of Satellite Communications" was filed with the Patent and Trademark Office and that during the trial conducted on April 18, 2006 and during his deposition in April 2003, he was questioned about that application.  Draim denies the remaining allegations contained in paragraph 18 of the Complaint and affirmatively states that a copy of application referred to in this paragraph was produced to counsel in the Draim v. Virtual Geosatellite Holdings, Inc. et al. action in April 2003 and that it was published on May 16, 2002 as a part of the Patent Cooperation Treaty and the filing of an International Patent Application on November 1, 2001.

18.  In response to the allegations contained in paragraph 19 of the Complaint, Draim admits that in November 2000 he assigned the Patent Application entitled "Virtual Geostationary Satellite Constellation and Method of Satellite Communications" to Space Resource International Corporation.  Draim denies the remaining allegations contained in paragraph 19 of the Complaint.

19.  In response to the allegations contained in paragraph 20 of the Complaint, Draim admits that in November 2000 a Patent Application entitled "An Improved System and Method for Implementing a Constellation of Non-Geostationary Satellites That Does Not Interfere With The Geostationary Satellite Ring" was filed with the Patent and Trademark Office; that it was given serial number 09/709,280; and that he assigned that application to Space Resource International Corporation. Draim denies the remaining

allegations contained in paragraph 20 of the Complaint and affirmatively states that a copy of the application referred to in this paragraph was produced to counsel in the <u>Draim v. Virtual Geosatellite Holdings, Inc. et al</u>. action in April 2003 and that it was published on May 23, 2002 as a part of the Patent Cooperation Treaty and the filing of an International Patent Application on November 13, 2001.

20. Paragraph 21 of the Complaint contains purported conclusions of law to which no response is necessary. To the extent that a response is necessary, Draim denies that the applications were not published or disclosed.

21. In response to the allegations contained in paragraph 22 of the Complaint, Draim admits that in December 2000 a Patent Application entitled "System and Method for Implementing a Constellation of Non-Geostationary Satellites That Provides Simplified Satellite Tracking" was filed with the Patent and Trademark Office; that it was given serial number 09/750,047; and that he assigned that application to Space Resource International Corporation. Draim denies the remaining allegations contained in paragraph 22 of the Complaint.

22. Draim is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint and therefore those allegations are denied.

23. In response to the allegations contained in paragraph 24 of the Complaint, Draim admits that in February 2002 a Patent Application entitled "System and Method for Satellite Communications" was filed with the Patent and Trademark Office; that it was given serial number 10/079,411; and that he assigned that application to Space

Resource International Corporation. Draim denies the remaining allegations contained in paragraph 24 of the Complaint.

24. Draim admits the allegations contained in paragraph 25 of the Complaint.

25. In response to the allegations contained in paragraph 26 of the Complaint, Draim admits that on September 26, 2002 the '411 application was published and that the application has been abandoned. Draim denies the remaining allegations contained in paragraph 26 of the Complaint.

26. In response to the allegations contained in paragraph 27 of the Complaint, Draim admits that the patent application number 09/709,280 resulted in the issuance of Patent No. 6,701,126 on March 2, 2004. Draim denies the remaining allegations contained in paragraph 27 of the Complaint and states that this application was published on May 23, 2002 as a part of the Patent Cooperation Treaty and the filing of an International Patent Application on November 13, 2001.

27. Draim denies the allegations contained in paragraph 28 of the Complaint.

28. Draim admits the allegations contained in paragraph 29 of the Complaint.

29. Draim is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Complaint and therefore those allegations are denied.

30. In response to the allegations contained in paragraph 31 of the Complaint, Draim admits that the settlement agreement of July 2005 did not resolve Draim's claims against the Ellipso companies. Draim denies the remaining allegations contained in paragraph 31 of the Complaint and states that as part of the July 2005 settlement agreement a release of all claims against Draim was executed.

31.     Draim is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Complaint and therefore those allegations are denied.

32.     In response to the allegations contained in paragraph 33 of the Complaint, Draim admits that an *ex parte* request for reexamination of the '126 Patent was filed with the PTO in March 2006 seeking reexamination of all 27 claims of the '126 Patent as anticipated by the claims in the '613 Patent. Draim denies the remaining allegations contained in paragraph 33 of the Complaint.

33.     Paragraph 34 of the Complaint contains purported conclusions of law to which no response is necessary. To the extent that a response is necessary, Draim denies the allegations contained in paragraph 34 of the Complaint.

34.     Draim is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the Complaint and therefore those allegations are denied.

35.     In response to the allegations contained in paragraph 36 of the Complaint, Draim admits that following a bench trial on April 18, 2006, the Court made findings of fact and conclusions of law supporting a judgment in Draim's favor for patent bonuses for patents that were applied for while he was employed by MCHI and that issued after he resigned.

36.     In response to the allegations contained in paragraph 37 of the Complaint, Draim admits that he testified at the trial on April 18, 2006 and during his deposition on April 11, 2003 concerning the filing of certain patent applications. Draim denies the remaining allegations contained in paragraph 37 of the Complaint.

37. In response to the allegations contained in paragraph 38 of the Complaint, Draim admits that on May 16, 2006 the Patent Office granted the *ex parte* request for reexamination stating that substantial new questions of patentability of the claims in the '126 Patent are raised by the *ex parte* request for reexamination based on the '613 Patent. Draim denies the remaining allegations contained in paragraph 38 of the Complaint.

38. In response to the allegations contained in paragraph 39 of the Complaint, Draim incorporates his responses to paragraphs 1 through 38.

39. Draim denies the allegations contained in paragraphs 40 through 46 of the Complaint.

40. All allegations not specifically admitted above, are hereby denied.

## Defenses

1. Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

2. Plaintiffs' claims are barred by the applicable statute of limitations.

3. Plaintiffs' claims are barred by the accord and satisfaction entered into in <u>Draim v. Virtual Geosatellite Holdings, Inc. et al</u>., Civil Action No. 01-2690 (JMF) resulting in the dismissal of certain claims by each side and the trial on the single of issue of entitlement to patent bonuses.

4. Plaintiffs have released and discharged any and all claims against Draim.

5. Plaintiffs have waived and are estopped from raising these claims against Draim.

**Award of Fees and Costs**

Plaintiffs bring this action asserting a claim against Draim under D.C. Code § 36-401, et al., the District of Columbia Trade Secrets Act ("the Act"). The Act provides that the Court may award reasonable attorneys fees and costs to the prevailing party if a claim of misappropriation is made in bad faith. D.C. Code § 36-404(1). Facts supporting a finding that this claim is being made in bad faith include: (1) plaintiffs made available to the public in FCC filings and at conferences the information contained in the patent applications that they contend contained "trade secrets" prior to any alleged misappropriation by Draim; (2) plaintiffs raised and dismissed their claims for misappropriation against Draim in the earlier action; (3) all of Draim's patent applications complained of by plaintiffs were made public more than three years before this action was filed; and (4) in July 2005 any and all claims against Draim were released as a part of the settlement of various claims between plaintiffs and VGS, SRAC and Peter Sahagen.

For these reasons, Draim requests that the Complaint against him be dismissed and that he be awarded his attorneys fees and costs incurred in defending this action.

JOHN E. DRAIM

By Counsel

TROUTMAN SANDERS, LLP
1660 International Drive, Suite 600
McLean, Virginia  22102
(703) 734-4356

By:    /s/ John F. Anderson
        John F. Anderson
        (D.C. Bar No. 393764)