# Exhibit 14

# Memorandum in Support of Motion for Summary Judgment and for an Award of Attorneys Fees and Costs by John E. Draim

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN E. DRAIM,<br>    Plaintiff,<br><br>v.<br><br>VIRTUAL GEOSATELLITE<br>HOLDINGS, INC., et al.<br>    Defendants.<br><br>MOBILE COMMUNICATIONS<br>HOLDINGS, INC., et al.<br>    Plaintiffs,<br>v.<br><br>JOHN E. DRAIM,<br>    Defendant | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ Civil Action No. 1-01-2690<br>§ Judge Robertson<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

## DEFENDANTS' PRETRIAL STATEMENT

Defendants Virtual Geosatellite Holdings, Inc. ("Virtual Holdings"), Mobile Communications Holdings, Inc. ("MCHI"), and David Castiel file their Pretrial Statement in the above-styled action.

### PRELIMINARY MATTERS:

By this action Plaintiff, John Draim ("Draim") seeks, *inter alia,* the rescission of a long-standing employment agreement and thereby the cancellation of the assignment of various patents to Defendants on which he is listed either as inventor or co-inventor.. This would presumably result in ownership in these patents re-vesting at least in part in Draim. However, discovery has revealed that Draim is no longer the owner of such re-vested rights, having assigned (sold) all his rights in this intellectual property to Space Resources International, Ltd., ("SRI"), which is, on information and belief, a Bermuda company. Thus it appears that Draim is not the real party in interest for this claim. Draim's sale of the patent rights to SRI occurred prior to the filing of this

action. Defendants have filed a motion pursuant to Rule 17, F.R.C.P., to dismiss Draim's claim, as it is not brought by the real party in interest. Defendants also assert that Draim's claims are barred by estoppel, laches, and the fact that he has an adequate remedy at law.

**DEFENDANTS' MOTION FOR SUMARY JUDGMENT:**

Defendants have filed a Motion for Summary Judgment based on the fact that Draim's claims herein are based on an oral promise allegedly made in 1995. As the Motion for Summary Judgment notes, the claim a) is time barred, b) is without consideration, c) fails to allege a meeting of the minds sufficient to form a contract, and d) is barred by the District of Columbia Statute of Frauds. Defendants' would ask that the Court consider this as a Motion *in Limine*.

**COUNTER-CLAIM PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT:**

Counter-claim Plaintiffs have filed a Motion for Summary Judgment based upon Draim's Admissions and Answer. Draim's Admissions establish that he quit Counter-claim Plaintiffs' employ and thereafter shared Counter-claim Plaintiffs' technology and intellectual property with third parties, including the sale of Counter-claim Plaintiffs' patented technology to Space Resources International, Ltd. Counter-claim Plaintiff's are entitled to judgment on liability on its claims of:

a) breach of contract,

b) breach of the duty of loyalty,

c) violation of the District of Columbia Trade Secrets Act,

d) breach of non-disclosure, and

e) conversion.

The amount of damages would remain to be determined.

**SYNOPSIS:**

Plaintiff, Draim, seeks enforcement of an alleged oral promise made in 1995 to convey to

him ten percent of Virtual Geo Holdings, Inc. ("VGHI"), in exchange for his assignment of his partial rights in patents he had helped develop for the company, an assignment he was bound to make without additional consideration per the existing agreement. He seeks, *inter alia,* a ten percent equity interest in Virtual Geosatellite Holdings, Inc., rescission of the patent assignments and monetary damages. Draim acknowledges payment for his work for VGHI, but asserts the ten percent interest was in addition to all other compensation. Defendants respond that no such agreement was made and that Draim was fully compensated pursuant to their written agreements for all work he performed, including assignment of the patent rights. Draim acknowledged in writing with several witnesses receipt of sufficient consideration prior to said assignment.

Counter-claim Plaintiffs asset that Draim left their employ in May 2000, and thereafter shared their confidential proprietary technology with competitors, including SRI, to whom Draim wrongfully sold Counter-claim Plaintiffs' patented technology. Counter-claim Plaintiffs also assert that Draim wrongfully used their property, including proprietary software, computers, and intellectual property to develop a competing technology, COBRA, for SRI. Counter-claim Plaintiffs seek a finding of liability against Draim and monetary damages.

**PRIOR LITIGATION:**

The central issue in this case has already been determined the Chancery Court for New Castle County, Delaware, and affirmed by the Delaware Supreme Court. These determinations are accorded full faith and credit here. In the Opinion and Order of August 31, 2000, that court found that Peter Sahagen, Thomas Quinn and Neel Howard, Draim's superiors at VGS/SRA, had breached their duty of loyalty to Dr. Castiel and the other Defendants herein by attempting to take over Virtual Geosatellite, LLC, through a "secret" board meeting.

I.  **STATEMENT OF THE CASE:**

A) Employee sues former Employer to rescind assignments of intellectual property, and for damages for breach of Contract, fraudulent inducement to contract, common-law fraud, and unjust enrichment.

B) Employer counterclaims against former Employee for damages for breach of non-compete and nondisclosure provisions of contract, breach of duty of loyalty, violation of the district of Columbia Uniform Trade Secrets Act, misappropriation and conversion of Employer's property, and breach of contract.

C) Jurisdiction and Venue.

    i. This Court has subject matter jurisdiction of this action under 28 U.S.C. §1332, Diversity of citizenship. Plaintiff is a resident of the Commonwealth of Virginia, while the defendants are all residents of either the State of Delaware or the District of Columbia. The amount in controversy exceeds $75,000.00.

    ii. Venue is proper in this District under 28 U.S.C. 1392 (a)(3) in that at least one of the Defendants is subject to personal jurisdiction of this Court.

D) Parties:

    i. Plaintiff John E. Draim, a natural person, is a resident of the Commonwealth of Virginia.

    ii. Defendant Virtual Geosatellite Holdings, Inc. is a corporation organized under the laws of the State of Delaware whose principal place of business is in the District of Columbia.

    iii. Defendant Mobile Communications Holdings, Inc. is a corporation organized under the laws of the State of Delaware whose principal place of business is in the District of Columbia.

      iv. Counter-Claim Plaintiff Ellipso, Inc. is a corporation organized under the laws of the State of Delaware whose principal place of business is in the District of Columbia.

      v. Defendant David Castiel, a natural person, is a resident of the District of Columbia.

II.    STATEMENT OF DEFENDANTS' COUNTER-CLAIMS

1. Plaintiff, John Draim, ("Draim") was employed on November 1, 1992, initially as a consultant (pursuant to a written contract) and then commencing in August 1997, as an employee by Defendant, Mobile Communications Holdings, Inc. ("MCHI").

2. Draim's employment by MCHI was pursuant to a consulting agreement dated November 1, 1992. This consulting agreement was amended from time to time to adjust its term and its compensation provisions. On July 1, 1997, Draim ended his status as a private contractor and became an employee of MCHI.

3. The consulting agreement contained confidentiality and non-competition provisions that prohibited Draim from sharing MCHI's confidential trade secret information with third parties.

4. At MCHI, as a consultant and as an employee, Draim functioned as a research scientist, assisting in the development of a unique satellite telecommunications system based upon a constellation of satellites placed in elliptical orbits. MCHI, through Draim and others, applied for and obtained various patents for this unique technology.

5. This unique patented technology was the basis upon which MCHI applied to the Federal Communications Commission ("FCC") in January 1999, for a license to operate a global satellite system in the *Ku* frequency band. Draim participated in that application process. The application is currently pending action by the FCC.

6. Pursuant to the consulting agreement, Draim assigned all his rights in and to the technology developed at and for MCHI, to MCHI's designee, Virtual Geosatellite Holdings, Inc., including any rights to the provisional patent application number, 06662/034001 [Fish & Richardson flee number], the "168" patent.

7. Draim was compensated for his services to MCHI pursuant to the consulting agreement from November 1 1992 to July 1, 1997, and as an employee until May 24, 2000, when Draim resigned from MCHI's employ.

8. As a research scientist, Draim was given access to all of MCHI's intellectual property including the work of other scientists employed by MCHI. Indeed, Draim worked with a group of scientists at MCHI in developing this technology pursuant to his employment with MCHI.

9. On May 24, 2000, Draim resigned from MCHI's employ, and on May 25, 2000, joined VGS, Inc., a purported "successor" company to MCHI's affiliated company, Virtual Geosatellite, L.L.C. ("Virtual Geo") Virtual Geo had been formed in 1999 to facilitate the licensing, marketing, and implementation of the unique patented satellite telecommunications technology, which MCHI had developed at a cost exceeding $80,000,000.00.

10. By Order of August 31, 2000, the Chancery Court for New Castle County, Delaware, ruled that VGS, Inc. was not the "successor" to Virtual Geo, and enjoined VGS, Inc. from continuing to claim ownership of Virtual Geo's property. This Order was affirmed by the Delaware Supreme Court.

11. Draim's employment agreement with VGS, Inc., provided in part, to "…indemnify [Draim] for all his legal costs and attorneys fees incurred to defend any and all actions brought by his former employers, (MCHI, Virtual Geosatellite, LLC, and Ellipso, Inc.) resulting from [Draim's] employment with VGS, Inc."

12. While employed by VGS, Inc. from and after May 25, 2000, Draim functioned as a research scientist for VGS, Inc., performing the same type work that he had performed at MCHI, based on the elliptical satellite technology developed by MCHI. In performing this work for VGS, Inc., Draim utilized MCHI's confidential trade secret intellectual property, which was proprietary to MCHI, and which Draim had obtained while employed by MCHI.

13. In performing this work for VGS, Inc., from and after May 25, 2000, Draim used computer hardware and software, which was the property of MCHI; including a satellite orbital calculation software programs known as STK and SOAP, and a lap-top computer owned by MCHI, which had been removed from MCHI's offices.

14. Using MCHI proprietary property, in June and July 2000, while employed by VGS, Inc., Draim completed a variation of the MCHI elliptical orbital technology, which he named COBRA.

15. COBRA involves changing the position of the apogee within an orbit in relation to the earth through the variation of an angle called the "argument of perigee." Technically this is known as adjusting the argument of perigee or *"omega"*. Additionally, a closer space of active area was achieved using COBRA technology.

16. Patent No. 5,957,409, issued to Dr. David Castiel on September 28, 1999, states in part:

> Although only a few embodiments have been described in detail above, many modifications are possible in the preferred embodiment without departing from the teachings thereof.
> The above has described baseline arrays with simplified orbital elements. It should be understood that the actual array may be rotated east or west by any desired amount by adding or subtracting a constant angular offset to each satellite's right ascension (RAAN). **Additionally, other orbital parameters such as argument of perigee (.omega.) may be adjusted to improve performance in a different area.**
> **All such modifications are intended to be encompassed** within the following claims. [United States Patent No. 5,957,409, Issued September 28, 1999, to Dr. David Castiel.](emphasis supplied).

7

17. Draim had worked on the technology embodied in Patent No. 5,957,409 while employed by MCHI.

18. Draim's work on COBRA is part of and is based upon and derived from MCHI's proprietary, patented technology that was conceived as early as December 1998.

19. VIRGO and VIRGO's variation dubbed "COBRA" by Draim and referred to in Item 18 above are similar in at least the following manners:

   a) VIRGO and COBRA orbits both have 8-hour periods. The period is the time a satellite spends in one orbit around the earth, which is measured from the time of passage of a perigee point to the time at which it passes the next succeeding perigee point.

   b) The semi-major axis of an 8-hour COBRA orbit is the same, or very close to, the semi-major axis of a VIRGO orbit. For all practical purposes, if the semi-major axes are the same for two orbits, their periods will also be the same.

   c) Both VIRGO and COBRA orbits fall into the same range of eccentricities; i.e. somewhere between 0.6 and 0.7.

   d) VIRGO and COBRA both have a critical Inclination Angle, (for elliptic orbits) of 63.4 degrees. The inclination angle is the angle between the plane of the orbit and the equatorial plane.

   e) Both VIRGO and COBRA use the maximum practicable eccentricity in order to provide maximum hand-time, or dwell, over the target area selected for ground coverage. Thus, the apogee and perigee altitudes are the same or similar (apogees are ~ 27,000 km; and perigees are ~ 800 km).

   f) Both VIRGO and COBRA orbits pass the Van Allen radiation belts. The Van Allen radiation belts consist of trapped electrically charged ions that can adversely af-

fect a satellite's electronics and solar arrays.

    g) Both VIRGO and COBRA satellites require virtually the same energy per pound mass to orbit, because they have the same semi-major axis, and approximately the same eccentricity. Thus a COBRA satellite with the same mass as a VIRGO satellite would require a similar size/class of launch vehicle.

20. While employed by VGS, Inc., Draim assisted in making a presentation to the United States Department of Defense and the Boeing Company promoting the COBRA technology in competition with MCHI.

21. In September 2000, VGS, Inc., was transformed into Space Resource America Corp. ("SRA"). SRA is a wholly owned subsidiary of Space Resources International, Ltd., ("SRI").

22. On September 22, 2000, Draim was employed by SRA. As part of his compensation with SRA, Draim received a 7% equity interest in SRI.

23. Draim's employment agreement with SRA/SRI, provided in part,

> Employer agrees to indemnify Employee [Draim] for any and all of his/her legal costs, **fines** and attorney fees incurred to defend any and all attacks or legal actions brought by his/her former employers – Mobile Communications Holdings, Inc. (MCHI), Ellipso, Inc., Virtual Geosatellite Holdings, Inc., (VGHI), Virtual Geosatellite LLC, David Castiel and any other related company or stockholder(s) of such companies – resulting from Employee's employment with VGS, Inc. and SRAC. (emphasis added)

24. The VGS employment contract with Draim did not refer to "fines"

25. SRA/SRI is a competitor of MCHI/Virtual Geo for satellite telecommunications business and investors.

26. Draim also executed a confidentiality/non-compete agreement with SRA/SRI, which provides in part,

> For twelve (12 consecutive months immediately following the termination of Employee's

9

employment with SRAC for any reason (whether voluntary of involuntary), Employee agrees that he/she:

> (i) will not participate or assist in the performance of work for any entity unless the work that is being performed is not the Same Business as that in which SRAC is engaged. As used in this Agreement, "Same Business" means any business that engages in broadband (i.e., greater than one (1) megabit per second) data connectivity service provision to customers directly by non-geostationary satellite.

27. From and after September 22, 2000, as an employee of SRA/SRI, Draim continued the same type scientific research on elliptical orbital configurations as he had performed at MCHI and at VGS, Inc. In performing this work for SRA/SRI, Draim employed MCHI's confidential, propriety property including MCHI's intellectual property, MCHI's computer hardware, and MCHI's software including the STK and SOAP programs.

28. Using MCHI's proprietary property, Draim developed and applied for patents on the COBRA variation of the MCHI technology including Patent Application Number, 60/236,338, filed September 29, 2000, (Draim and Paul Christopher); Number 3700-02 [Lalos & Keegan file number], filed November 13, 2000; and Number 3700-03 [Lalos & Keegan file number], filed December 29, 2000.

29. Draim received a payment of five thousand dollars ($5,000.00) from SRA/SRI for each of these three patent applications.

30. Each of these patents, USPTO Ser. No. 60/236,338, Lalos & Keegan File No. 3700-02, and 3700-03, is based upon and derived from MCHI's patented, propriety technology.

31. While employed by SRA/SRI, Draim shared MCHI's proprietary technology with Paul Christopher.

32. While employed by SRA/SRI and VGS, Inc., Draim shared MCHI's proprietary technology with Paul Cefola and Draper Labs.

33. While employed by SRA/SRI, Draim assisted in making presentations to MCHI custom-

ers, investors and partners including, the Boeing Company, Teledyne-Brown, Lockheed/Martin, the United States Department of Defense, and S.C.I., promoting the competing COBRA technology.

34. In November 2000, Draim sold the "168" patent, which is owned by Virtual Geo, to SRI for $5,000.00, and applied for a patent in SRI's name.

35. MCHI and the other parties hereto, Ellipso, Inc., Dr. David Castiel, and Virtual Geosatellite Holdings, Inc., have been damaged by the actions of John Draim in an amount to be proved at trial.

Through these actions, Draim has: a) breached his non-competition/non-disclosure obligations, b) breached his duty of loyalty, c) violated to District of Columbia Trade Secrets Act, d) misappropriated and converted Defendant's property, and e) breached his contract obligations. Specific proof of each element of each claim will be presented at trial.

III    DEFENDANTS' STATEMENT OF DEFENSES

In addition to the matters presented as preliminary matters herein, and in the Rule 17, and the two Motions for Summary Judgment previously filed herein, Defendants' assert the following affirmative defenses to Draim's claims:

1. Draim fails to state a claim upon which relief can be granted.
2. Draim's claims are barred by the doctrine of waiver.
3. Draim's claims are barred by the doctrine of estoppel.
4. Draim's claims are barred by the doctrine of unclean hands.
5. Draim's claims are barred by the doctrine of accord and satisfaction.
6. Draim's claims are barred by the doctrine of laches.
7. Draim's claims are barred by his failure to plead fraud with particularity.
8. Draim is barred from seeking equitable relief as he has an adequate remedy at law.

9. Draim's claims are barred by release.

10. Draim's claims are barred by the doctrine of merger.

11. Draim's claims are barred as he is not the real party in interest.

12. Draim's claims are barred for failure to join a necessary party.

IV:     DEFENDANTS' WITNESS LIST:

1) Jack N. Anderson, Ph.D., 1133 21st Street, N.W., Suite 800, Washington, DC 20036 Dr. Anderson has some knowledge of the work performed by Mr. Draim, as well as other Ellipso employees, patent applications, John Draim's employment history with the defendant's.

2) Philip Avruck, Esq., 1146 Nineteenth Street, N.W., Fifth Floor, Washington, DC 20036-3703. Mr. Avruck is expected to testify to circumstances relating to the theft of Defendants' intellectual property by Plaintiff.

3) *Richard Barnett, 6404 Highland Drive, Chevy chase, MD 20815. Dr. Barnett is expected to testify to the effect that the so-called "COBRA" technology does not differ in any significant way from the Virtual Geo technology owned by Defendants.

4) Laury Blakley, 1133 21st St., Suite 800, Washington, DC 20036. Ms. Blakley has some knowledge of the work performed by Mr. Draim, as well as other Ellipso employees, patent applications, John Draim's employment history with the Defendants.

5) Bob Boan. Mr. Boan is expected to testify to instances of contact by Plaintiff and other representatives of VGS/SRI with customers of Defendants during the period of the con-compete provision, and of false personation of VGS/SRI employees, including Plaintiff, as employees of Defendants.

6) John W. Brosius, III, 7040A Ridge Road, Frederick Maryland 21702. Dr. Brosius is expected to testify to circumstances of the Defendants' invention of the Virtual Geo technology, its similarity to COBRA, the relative contributions of the several scientists to each invention

7) David Castiel, Ph.D., 1133 21st Street, N.W., Suite 800, Washington, DC 20036.

8) The Plaintiff, John E. Draim, 9310 Telfer Court, Vienna, Virginia 22182

9) Patricia S. Draim, 9310 Telfer Court, Vienna, Virginia 22182

10) Harley Garrett. Mr. Garrett is expected to testify to instances of contact by Plaintiff and other representatives of VGS/SRI with customers of Defendants during the period of the con-compete provision, and of false personation of VGS/SRI employees, including Plaintiff, as employees of Defendants.

Defendants reserve the right to call any witness listed by Plaintiff and to supplement this Witness List prior to trial.

## DEFENDANTS' EXHIBIT LIST:

Defendants' Exhibit List is filed as an attachment to this document. Defendants will supplement the Exhibit List prior to trial.

## DESIGNATION OF DEPOSITIONS

Defendants have no designation of deposition testimony at this time. Defendants reserve the right to designate deposition testimony prior to trial.

## ITEMIZATION OF DAMAGES

Defendants' damages will be as proved at trial. Defendants' reserve the right to supplement their itemization of damages prior to trial.

## REQUEST FOR RELIEF

Defendants respectfully request that the Court award the following relief:

1. A preliminary and permanent injunction forbidding Draim from appropriating, using, releasing, communicating, or transferring any and all proprietary information acquired by him during the scope of his consultancy and employment by Defendants.

2. A preliminary and permanent injunction forbidding Draim from using or disclosing the

Defendants' confidential information related to the Ellipso System and Virgo Systems, together with any other technologies or systems derived thereupon, regardless of their denominations.

3. A preliminary and permanent injunction forbidding Draim from breaching any provision of his November 1, 1992, Consulting Agreement and requiring him to perform all commitments contained in his March 9, 1996, letter.

4. A preliminary and permanent injunction requiring Draim to adhere to the terms of the Delaware Court Order of August 31, 2000.

5. Return of all property of Defendants' in Draim's possession including computer programs, software, documents, patents, patent applications, and including any and all information or materials developed with or from any of Defendants' property.

6. A finding that the "168" patent is Defendants' property.

7. A finding that COBRA is part of, is based upon and derived from Defendants' proprietary intellectual property.

8. Appropriate compensatory and punitive damages against Draim in amounts to be determined, but not limited to the compensation paid to Draim by Defendant's for his services, plus interest.

Such other and further relief as may be just and appropriate, including costs, attorneys' fees, and pre and post judgment interest.

**RESPECTFULLY SUBMITTED;**

_____

**THOMAS J. MITCHELL, ESQ.**
D.C. BAR NO. 449326
THOMAS J. MITCHELL, P.C.
TWO LAFAYETTE CENTER
1133 21ST STREET, N.W., SUITE 800
WASHINGTON, D.C. 20036
TEL: (202) 466-4488, EXT. 228
FAX: (201) 466-4493

ATTORNEY FOR MOBILE COMMUNICATIONS HOLDINGS, INC., ELLIPSO, INC., AND VIRTUAL GEOSATELLITE HOLDINGS, INC.

**John Anderson**

**From:** dcd_ElectronicFiling@dcd.uscourts.gov
**Sent:** Thursday, April 24, 2003 3:34 PM
**Subject:** Activity in Case 1:01-cv-02690-JR DRAIM v. VIRTUAL GEOSATELLITE HOLDINGS, INC. et al "Pretrial Statement"

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.**

## U.S. District Court

## District of Columbia

Notice of Electronic Filing

The following transaction was received from Mitchell, Thomas J. entered on 4/24/2003 at 3:33 PM and filed on 4/24/2003

**Case Name:**      DRAIM v. VIRTUAL GEOSATELLITE HOLDINGS, INC. et al
**Case Number:**    1:01-cv-2690
**Filer:**          MOBILE COMMUNICATIONS HOLDINGS, INC.
                    VIRTUAL GEOSATELLITE HOLDINGS, INC.
                    DAVID CASTIEL

**Document Number:** 45

**Docket Text:**
PRETRIAL STATEMENT by DAVID CASTIEL, MOBILE COMMUNICATIONS HOLDINGS, INC., VIRTUAL GEOSATELLITE HOLDINGS, INC.. (Attachments: # (1))(Mitchell, Thomas)

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** C:\Documents and Settings\tmitchell\My Documents\Draim\Defendants' Pretrial Statement - 24apr2003.pdf
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=973800458 [Date=4/24/2003] [FileNumber=108836-0]
[a8df824d7407d001af4b99c7a4fec3de4ac63d2688fc0150693f7000f2d25eb14306f
6d7ef140ed4f0dd3536663bc74379f48d08f227723174552e2722c874bd]]
**Document description:**
**Original filename:** C:\Documents and Settings\tmitchell\My Documents\Draim\Defendants' Exhibit List - 24apr2003.pdf
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=973800458 [Date=4/24/2003] [FileNumber=108836-1]
[0e97b2748afeeaa00c760eee763cf1da2711f86b0167d01bdf8a6338ee71a64892da0
e02ea8b84204e7b981b3c4329c0b3750a3a3c4b52f89c1577ef27762418]]

**1:01-cv-2690 Notice will be electronically mailed to:**

John F. Anderson    jfa@rmrwlaw.com,

4/24/2003

John F. Anderson     jfa@rmrwlaw.com,

Thomas J. Mitchell     tjmitchell.law@verizon.net,

Montgomery Blair Sibley     MBSibley@earthlink.net

**1:01-cv-2690 Notice will not be electronically mailed to:**

4/24/2003