# Exhibit 15

# Memorandum in Support of Motion for Summary Judgment and for an Award of Attorneys Fees and Costs by John E. Draim

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN E. DRAIM,<br><br>    Plaintiff,<br><br>        v.<br><br>VIRTUAL GEOSATELLITE<br>HOLDINGS, INC., et al.,<br><br>    Defendants. | Civil Action No. 01-2690 (JMF) |
| MOBILE COMMUNICATIONS<br>HOLDINGS, INC., et al.,<br><br>    Counter-Plaintiffs,<br><br>        v.<br><br>JOHN E. DRAIM,<br><br>    Defendant. | |

## JOINT PRETRIAL STATEMENT

John E. Draim ("Draim") and Virtual Geosatellite Holdings, Inc., Mobile Communications Holdings, Inc. and David Castiel (collectively "Defendants") submit this Joint Pretrial Statement.

### A Statement of the Case

Draim filed this action in the United States District Court for the Eastern District of Virginia in October 2001, asserting various claims against the Defendants. Defendants filed a motion to dismiss that action for lack of personal jurisdiction and on December 4, 2001, the case was transferred to the United States District Court for the District of Columbia pursuant to 28 U.S.C. § 1631.

On November 5, 2001, Mobile Communications Holdings, Inc., Ellipso, Inc. and Virtual Geosatellite, LLC filed an action against Draim in the D.C. Superior Court. Draim removed that case to the United States District Court and it was transferred to the United States District Court for the Eastern District of Virginia. That case was eventually transferred back to the District of Columbia and consolidated with Draim's earlier filed action.

The consolidated case was set for trial before Judge Robertson on May 5, 2003. On April 28, 2003, Mobile Communications Holdings, Inc. filed a voluntary petition under Chapter 11 of the Bankruptcy Code and requested that all proceedings be stayed including the trial that was to begin the following week. Judge Robertson granted the request for a stay and the trial was taken off calendar. Draim petitioned the Bankruptcy Court for a lift of the automatic stay and the Bankruptcy Court granted Draim's request on June 18, 2003. The bankruptcy action was dismissed on July 24, 2003.

In 2005 the parties agreed to limit the claims to be presented to the Court for determination to whether Draim is entitled to any payment for bonuses for patents that issued after he resigned from the Defendants' employment in which he was a named inventor and for which an application had been filed prior to his resignation. The Defendants agreed to dismiss the claims asserted against Draim in their complaint and Draim agreed to dismiss his claims against the Defendants for rescission of the patent assignments and his claim for his equity interest in VGHI.

On November 28, 2005, Judge Robertson entered an Order referring this matter to Judge Facciola for all purposes, including the entry of judgment. This case has been

2

set for a hearing to resolve the remaining issue concerning Draim's claim for $82,291.69, plus interest, in unpaid patent bonuses.

## A Statement of Claims Made by Draim

Draim contends that pursuant to the parties' agreement, he is entitled to a payment for certain patent bonuses. It is undisputed that the parties had an agreement whereby Draim was to be paid a bonus of a certain amount for each patent application that was filed in which he was named as an inventor and that he would be paid a certain amount for each patent that issued in which he was a named inventor. There is no dispute that Draim was paid the bonuses for patent applications filed while he was employed with the Defendants. However, since Draim left the Defendants' employment in May 2000, several patents have issued from applications that were filed while Draim was employed by the Defendants. Draim has not been paid a bonus for those patents.

In particular the following patents have issued since May 2000 in which Draim is named as an inventor:

| U.S. Pat #. | Issue Date | No. of Inventors | Pro-rated Bonus |
|---|---|---|---|
| 6,102,335 | 08/15/00 | 4 | $ 3,125.00 |
| 6,227,497 | 05/08/01 | 1 | 12,500.00 |
| 6,263,188 | 07/17-01 | 3 | 4,166.67 |
| 6,457,678 | 10/01/02 | 1 | 12,500.00 |
| 6,487,476 | 11/26/02 | 1 | 12,500.00 |
| 6,577,864 | 06/10/03 | 3 | 4,166.67 |
| 6,611,683 | 08/26/03 | 3 | 4,166.67 |
| 6,678,519 | 01/13/04 | 3 | 4,166.67 |
| 6,766,166 | 07/20/04 | 1 | 12,500.00 |
| 6,795,687 | 09/21/04 | 3 | 4,166.67 |
| 6,695,260 | 02/24/04 | 3 | 4,166,67 |
| 6,954,613 | 10/11/05 | 3 | 4,166.67 |
| | | *Total..........$* | 82,291.69 |

3

### A Statement of Defenses Raised by Defendants

Defendants raise the following defenses to Draim's claims:

1. Payments have already been made to Draim in the amount of $89,000. Defendants submit that this amount is more than Draim is entitled to receive under their agreement.

2. Furthermore, Defendants submit that bonuses for the issuance of a patent are due only for the patent applied for, not "divisional" patents made by the patent office, whereby a provisional patent application is divided into two or more patents by the examiner.

3. Finally, Draim is owed nothing because he breached his employment agreement by joining forces with the individuals who were seeking to steal the technology and indeed he was a willing participant in the plan to file competing patent applications, knowing full well that the "new inventions" he claimed were in fact the technology owned by Defendants. Under District of Columbia case law, he cannot seek the fruits of an agreement which he willfully breached.

### A Schedule of Witnesses to be Called

**Plaintiff's Witnesses.** The only witness Draim intends to call in his case in chief is John Draim. His direct testimony on the issues to be determined in this action will take less than one hour.

**Defendants' Witnesses.** Defendants will call Dr. David Castiel as their primary witness. They will also call rebuttal witnesses John Naughton, James Merino and Tracey Becker, who will testify concerning Mr. Draim's breach of his employment

4

agreement, breach of his fiduciary duties and his participation in the activities designed first to misappropriate Dr. Castiel's company, and afterwards the technology owned by Defendants. The combined testimony of Defendants' witnesses is expected to take approximately two hours.

## A List of Exhibits to be Offered in Evidence

**Plaintiff's Exhibits:**

1. Consulting Agreement

2. Amendment to consulting agreement

3. Defendants' response to request for admission (7/5/2002)

4. Draim's request for admissions (with exhibits) served January 9, 2006.

5. Defendants' response to requests for admissions served February 13, 2006.

**Defendants' Exhibits:**

1. Draim's resignation letter

2. Riggs bank checks numbered 1366, 1483, 1568 and 1796, payable to John Draim.

3. Payroll records showing payments of bonuses to John Draim.

These combined documents will show the following payments on the dates shown:

| DATE | AMOUNT | SOURCE |
|---|---|---|
| 3-7-94 | $2,000 | Riggs Ck # 1366 |
| 5-9-94 | 2,000 | DRI #7 |
| 10-1-94 | 2,000 | Riggs Ck # 1483 |
| 4-7-95 | 2,000 | Riggs Ck # 1568 |

5

| | | |
|---|---|---|
| 1-8-97 | 10,000 | Riggs Ck # 1796, DRI #7 |
| 2-13-98 | 5,000 | Payroll record |
| 8-1-98 | 2,000 | Payroll record |
| 10-1-98 | 10,000 | Payroll record, DRI #7 |
| 12-15-98 | 2,000 | Payroll record |
| 2-1-99 | 12,500 | Payroll record |
| 8-1-99 | 2,000 | Payroll record |
| 11-1-99 | 12,500 | Payroll record |
| 1-15-00 | 10,000 | Payroll record |
| 1-31-00 | 2,000 | Payroll record |
| 2-15-00 | 500 | Payroll record |
| 4-1-00 | 12,500 | Payroll record, DRI #7 |

## Deposition Testimony

The parties do not intend to introduce any deposition testimony in lieu of live testimony. The parties reserve the right to use deposition testimony for impeachment purposes.

## Itemization of Damages

As set forth above in the Statement of Claims, Draim is seeking an award of $82,291.69, plus interest from the date that each patent issued to the date of judgment.

## Request for Other Relief

Pursuant to the parties agreement, no relief, other than the issue of entitlement and amount of patent bonuses, is sought by any of the parties.

## Estimate of the Length of Each Party's Case

Draim anticipates that any testimony that needs to be presented can be completed in less than one hour.

Defendants anticipate that their evidence can be presented in approximately three hours.

Respectfully submitted

_____
John F. Anderson
Troutman Sanders LLP
1660 International Drive, Suite 600
McLean, VA  22102
(703) 734-4356
Counsel for John E. Draim

_____
David J. Taylor
Tighe Patton Armstrong Teasdale, PLLC
1747 Pennsylvania Ave., N.W., Suite 300
Washington, D.C. 20006
(202) 454-2855
Counsel for Defendants