UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ELLIPSO, INC., | ) | |
| | ) | |
| and | ) | |
| | ) | |
| VIRTUAL GEOSATELLITE LLC, | ) | Civil Action No. 1:06cv01373 (JR) |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JOHN E. DRAIM, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DECLARATION OF JOHN F. ANDERSON
IN SUPPORT OF JOHN E. DRAIM'S MOTION FOR
SUMMARY JUDGMENT AND AN AWARD OF ATTORNEYS FEES**

I, John F. Anderson, declare and state as follows:

1.     I am member of the Bars of the Commonwealth of Virginia and the District of Columbia and I am a partner in the law firm of Troutman Sanders LLP. I am counsel for defendant John E. Draim ("Mr. Draim") in this action. I have represented Mr. Draim in the earlier consolidated action pending before this Court (Civil Action No. 1:01cv2690 JR/JMF) since those lawsuits were filed in 2001. I have attended all hearings and settlement conferences in the previous action and I was Mr. Draim's counsel at the trial of that case before Magistrate Judge Facciola on April 18, 2006. I was involved in the depositions and document production that occurred in the earlier action. I submit this Declaration based on my own personal knowledge and, if called as a witness, I could and would testify competently to the matters set forth in this Declaration.

2.      In October 2001 Mr. Draim filed an action in the United States District Court for the Eastern District of Virginia, asserting various claims against the plaintiffs in this action and against David Castiel. That case was transferred to the United States District Court for the District of Columbia pursuant to 28 U.S.C. §1631 and was assigned Civil Action No. 1:01cv2690 (JR/JMF).

3.      On November 5, 2001, the plaintiffs in this action (along with Mobile Communications Holdings, Inc.) filed an action against Mr. Draim in the D.C. Superior Court. A copy of that Complaint is attached as Exhibit 11 to the accompanying Memorandum. On behalf of Mr. Draim, I removed that case to the United States District Court and eventually that case was consolidated with Mr. Draim's earlier filed action under Civil Action No. 1:01cv2690 (JR/JMF). The plaintiffs in this action filed an Amended Complaint on March 4, 2002, a copy of which is attached as Exhibit 12 to the accompanying Memorandum.

4.      In January 2003, Mr. Draim provided responses to document requests in the earlier action that included Draim Document No. 00298, a copy of which is attached as Exhibit 3 to the accompanying Memorandum. That document was marked as Exhibit 3 during the deposition of Mr. Draim taken by plaintiffs' counsel on April 11, 2003 and it was introduced into evidence by the plaintiffs in the trial before Judge Facciola on April 18, 2006 as Exhibit 17.

5.      During Mr. Draim's deposition on April 11, 2003, plaintiffs' counsel marked as Exhibit 4 the October 23, 2000, letter that is attached as Exhibit 4 to the accompanying Memorandum. This exhibit was also introduced into evidence during the trial of the earlier action before Judge Facciola as Exhibit 16.

6.    In response to a subpoena that had been served on Space Resource of America ("SRA") in the earlier action, documents were made available for plaintiffs' counsel's review on April 11, 2003. At plaintiffs' counsel's request, on April 15, 2003, SRA had documents numbered SRA 00001-01347 and 3000-3035 copied and provided to plaintiffs' counsel. Included in that production was a copy of the 168-slot patent application filed with the PTO in early November 2000 and referred to in Exhibits 3 and 4. A copy of that patent application is attached as Exhibit 5 to the accompanying Memorandum. (SRA 00208-00272).

7.    Plaintiffs' counsel requested that a copy of the file history for the 168-slot patent application be produced and on April 16, 2003, a copy of the file history was sent to plaintiffs' counsel by overnight delivery. Copies of the cover letters relating to plaintiffs' counsel's request and the forwarding of SRA document numbers SRA 3036-3487 are attached as Exhibit 6 to the accompanying Memorandum. Included in the production delivered to plaintiffs' counsel on April 17, 2003 was a copy of the International Application for the 168-slot patent application that was published under the Patent Cooperative Treaty on May 16, 2002. A copy of that published application is attached as Exhibit 7 to the accompanying Memorandum. (SRA 3115-3172).

8.    Attached to the accompanying Memorandum as Exhibit 8 is a copy of U.S. Patent No. 6,701,126 issued on March 2, 2004, naming Mr. Draim as the inventor. As shown on the patent, the application that resulted in this patent was

filed on November 13, 2000 and was assigned application number 09/709,280.

Plaintiffs' Complaint incorrectly refers to this application as the '820 application.

9.    In SRA's initial production to plaintiffs' counsel on April 11 and 15,
2003, a copy of the '280 application was provided (SRA 30-87) and a copy of the
file history was produced (SRA 602-847).  Included in the documents produced
to plaintiffs' counsel on April 15, 2003 was a copy of the International Application
for the '280 application that was published on May 23, 2002.  (SRA 618-673).  A
copy of the International Application for the '280 application is attached as Exhibit
9 to the accompanying Memorandum.

10.    Attached to the accompanying Memorandum as Exhibit 13 is a
copy of the expert report from Dr. Bartlett produced in the earlier litigation in
December 2002 by the plaintiffs in this action.

11.    Attached to the accompanying Memorandum as Exhibit 14 is the
Pretrial Statement filed by the defendants in the earlier action (plaintiffs in the
present action) on April 24, 2003.

12.    The earlier consolidated case was set for trial on May 5, 2003.  On
April 28, 2003, Mobile Communications Holdings, Inc. filed a voluntary petition
under Chapter 11 of the Bankruptcy Code and requested that all proceedings be
stayed, including the trial that was to begin the following week.  The request for a
stay was granted and the trial was taken off calendar.  Mr. Draim then petitioned
the Bankruptcy Court for a lift of the automatic stay and the Bankruptcy Court
granted Mr. Draim's request on June 18, 2003.  The bankruptcy action was
dismissed on July 24, 2003.

13.    After several settlement conferences before Judge Facciola, in 2005 the parties agreed to dismiss various claims and to have a single issue presented to the Court for determination.  The plaintiffs in this case agreed to dismiss the claims asserted against Mr. Draim in that action (including the claim under the D.C. Uniform Trade Secrets Act) and Mr. Draim agreed to dismiss his claims against David Castiel individually and his claims for rescission of the patent assignments and his claim for an equity interest in Virtual Geosatellite, LLC ("Virtual Geo").  The remaining issue to be tried was whether Mr. Draim was entitled to payments for bonuses for the patents on which he was a named inventor and that issued after he resigned from his employment with the plaintiffs in this action.  Attached as Exhibit 15 to the accompanying Memorandum is the Joint Statement filed with the Court on March 17, 2006 reflecting the parties' agreements.

14.    On November 28, 2005, this Court entered an Order referring the earlier consolidated matter to Judge Facciola for all purposes, including the entry of judgment.  That case was tried before Judge Facciola on April 18, 2006.  On May 15, 2006, Judge Facciola issued his Findings of Fact, Conclusions of Law and Order in which he found that Mr. Draim was entitled to an award of $78,125.02 for patent bonuses plus prejudgment interest from the date of issuance of each patent.  On May 23, 2006, the Court entered a Final Judgment in the amount of $78,125.02 plus $15,393.87 in prejudgment interest.  The defendants in that action (plaintiffs in this action) filed a motion to amend the Findings of Fact and Conclusions of Law and Order and a motion for a new trial.

Case 1:06-cv-01373-JR    Document 10-24    Filed 05/15/2007    Page 6 of 6

Those motions were denied on March 14, 2007 and a notice of appeal was filed on April 11, 2007.

15.    Attached as Exhibit 16 to the accompanying Memorandum is a copy of a Settlement Agreement dated July 20, 2005, that was executed by the plaintiffs in this action.

16.    Attached as Exhibit 17 to the accompanying Memorandum is a copy of the FCC application submitted by Virtual Geosatellite, LLC on January 8, 1999, that was produced to Mr. Draim during the discovery in the earlier action. Attached as Exhibit 18 to the accompanying Memorandum is a Notice from the FCC dated March 23, 1999, indicating that the application filed by Virtual Geosatellite is available for public inspection and comment.

17.    Attached as Exhibit 19 to the accompanying Memorandum are documents that were produced in the earlier action by the plaintiffs in this action that describe the public briefings given by Jay Brosius in November 1999 at the ITU in Geneva.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 15, 2007.

John F. Anderson