**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

ELLIPSO, INC., *et al.*,          :
                                  :
    Plaintiffs,                  :
                                  :
  v.                              : Civil Action No. 06-1373 (JR)
                                  :
JOHN E. DRAIM,                    :
                                  :
    Defendant.                   :

**MEMORANDUM**

On March 20, 2007, I denied the motion of defendant John Draim to dismiss this action, for misappropriation of trade secrets, brought in diversity under D.C. Code § 36, Chapter 34. I did so, in part, based upon the "no set of facts" concept laid down 50 years ago in Conley v. Gibson, 355 U.S. 41 (1957), and echoed more recently in Swierkiewicz v. Sorema, 534 U.S. 506, 514 (2002), but very recently undercut, if not obliterated, by the Supreme Court's decision in Bell Atlantic Corp. v. Twombly, 550 U.S. ____ (2007). In the March memorandum order, I invited a motion for summary judgment, noting that such a motion would "tee up [the] issues for proper consideration" and "might also illuminate defendant's request for attorneys' fees under D.C. Code § 36-404(1)." [8 at 6] On May 15, 2007, defendant filed that motion [10]. Although the local civil rule provides for an 11-day response deadline, LCvR 7, plaintiffs were given 30 days, by agreement made (but not recorded) at a scheduling conference

held in chambers on May 12.  Adding the 3 days provided by the Rules for service (although service was instantaneous), the due date for plaintiffs' opposition to the motion for summary judgment and for attorneys' fees was Monday, June 18.

On June 25, defendant filed a "notice of plaintiff's failure to respond" [11].  Plaintiffs answered on that same day, asserting (through counsel) that the motion for summary judgment had not been received and asking for an additional 25 days (or at least 15) to respond.

By local rule, the electronic filing of any document operates to effect service upon counsel who has obtained a password for filing in the electronic case filing system, LCvR 5.4(d)(1), as plaintiffs' counsel has done.  An attorney who obtains a CM/ECF password consents to electronic service of all documents filed electronically and is "responsible for monitoring [his] e-mail accounts, and upon receipt of a notice of electronic filing, for retrieving the noticed filing."  LCvR 5.4(b)(6).  The Court's electronic docket captures data reflecting how and to whom service has been effected.  Those data, or meta-data, establish that defendant's motion for summary judgment (which plaintiffs' counsel claims not to have received) and later notice of non-response (which plaintiffs' counsel did receive and responded to the same day) were in fact both sent to the same e-mail address.

The record thus establishes that plaintiffs were properly served with a motion for summary judgment and, that plaintiffs did not respond within the time permitted by the local rule (11 days) or within the expanded time agreed at the May 12 scheduling conference (33 days).  Because plaintiffs' opposing memorandum was not filed within the prescribed time, defendant's motion will be treated as conceded pursuant to LCvR 7(b) motion.

The motion for attorneys' fees, which depends for its success on a showing that plaintiffs' misappropriation suit was filed in bad faith, will not be treated as conceded.  Plaintiffs may have until July 9, 2007 to respond.

An appropriate order accompanies this memorandum.


                                        JAMES ROBERTSON
                                   United States District Judge