UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ELLIPSO, INC.,
A Delaware Corporation,

and

VIRTUAL GEOSATELLITE LLC, a
Delaware Limited Liability Company,

        Plaintiffs

v.

John E. DRAIM, an individual,

        Defendant.

**MOTION TO VACATE ORDER GRANTING SUMMARY JUDGMENT AS CONCEDED BY PLAINTIFF**

Case No. 1:06cv01373 (JR)

---

The Plaintiff in the above-captioned case hereby moves this court to vacate the order to June 28, 2007 denying the Plaintiff an enlarged period to respond to the Defendant's Motion for Summary Judgment of May 15, 2007, and granting the Defendant's Motion as conceded by the Plaintiff. The Plaintiff moves that this court allow the Plaintiff to file an Opposition to the Motion for Summary Judgment of May 15, 2007. Attached are a Memorandum in Support and Declarations of James Barnes and David Bogart Dort with relevant appendices.

BY: counsel

/s/ David Bogart Dort

David Bogart Dort, DC. Bar No. 465,728
**Dort IP PLLC**
**(Rubinstein Law Group, P.C.)**
2020 14th Street N, Suite 700
Arlington, VA 22201
Telephone:  (202)-423-1085
Facsimile:   (202)-318-7729
Email: ddort@dort.com; ddort@rublaw.com
Attorneys for Plaintiff,
Ellipso, Inc., Virtual Geosatellite LLC

-1-

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

ELLIPSO, INC.,
A Delaware Corporation,

and

VIRTUAL GEOSATELLITE LLC, a
Delaware Limited Liability Company,

       Plaintiffs

v.

John E. DRAIM, an individual,

       Defendant.

**MEMORANDUM IN SUPPORT OF MOTION TO VACATE ORDER GRANTING SUMMARY JUDGMENT AS CONCEDED BY PLAINTIFF**

Case No. 1:06cv01373 (JR)

## MEMORANDUM IN SUPPORT OF MOTION TO VACATE

Ellipso, Inc. and related parties, by counsel, submit this Memorandum in support of its Motion to Vacate Granted Summary as Conceded by Plaintiffs, and allow the Plaintiff to enter an Opposition to the Defendant's Motion of May 15, 2007.

The Plaintiff was not electronically served with the Defendant's Motion for Summary Judgment filed with the court May 15, 2007 and therefore should be given an opportunity to respond to the Defendant's Motion. Local Rule LCvR5.4(b)(6) states that an attorney who obtains a CM/ECF password consents to electronic service of all documents filed electronically and is responsible for monitoring their email accounts, and upon notice of (an) electronic filing for retrieving the notice filing. As set forth in the accompanying declarations of James Barnes and David Bogart Dort and related Appendices, it appears as if the notice of electronic filing on May 15, 2007, was not received at the email account ddort@rublaw.com as reflected in the Court's electronic docketing system. In addition, in compliance with the Local Rules, Plaintiff's Attorney monitored his email account at ddort@rublaw.com between April 4, 2007 and June 25, 2007, but did not receive notice

that the Defendant's motion of May 15, 2007 had been filed.   In the Order of June 28, 2007 denying Plaintiffs an enlargement of time to respond to the Defendant's Motion of May 15, 2007, the court stated that the electronic docket "captures data reflecting how and to whom service has been effected."  The Plaintiff asserts that although the electronic docket may be useful in determining when and whether electronic service may have occurred, to rely solely on the electronic docketing data would be to change to Local Rule to create a strict liability of receipt of a notice simply because the Court's computer claims that it sent such notice.  As in the present case, the electronic docket and/or delivery data apparently did not accurately reflect that electronic service of the Motion of May 15, 2007 upon the Plaintiff at ddort@rublaw.com did not occur.   Plaintiff asserts that the court would be changing the Local rules and the standards set forth therein to further conclude that they were properly served the Defendant's Motion of May 15, 2007.   The Declaration of James Barnes audited the email server of "rublaw.com" asserts that the electronic notice was not received at the ddort@rublaw.com email address on May 15, 2007.

**CONCLUSION**

For the reasons stated above, Ellipso and related parties requests that the order granting the Defendant's Motion for Summary Judgment as conceded and refusing to allow the Plaintiff expanded time to respond to the summary judgment be vacated.

                                            Ellipso, Inc.
                                            Virtual Geosatellite LLC
                                            By Counsel

Rubinstein Law Group, P.C.
Dort IP PLLC
2020 14th Street N, Suite 700
Arlington, VA 22201
202-423-1085
By: /David Bogart Dort/
David Bogart Dort
DC Bar 465728

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

ELLIPSO, INC.,  )
A Delaware Corporation,  )
)
)  **DECLARATION OF JAMES BARNES**
and  )
)  Case No. 1:06cv01373 (JR)
)
VIRTUAL GEOSATELLITE LLC, a  )
Delaware Limited Liability Company,  )
)
)
          Plaintiffs  )
  v.  )
)
John E. DRAIM, an individual,  )
)
          Defendant.  )

---

I, James Barnes, hereby state:

1. I am an information technology professional in the San Francisco, CA area, and have a Juris Doctorate, and over 20 years of professional experience regarding information technology and systems administration. Additionally, I have over 11 years of experience with Windows operating systems. I am founder and CTO of Motta Communications LLC since 2000. Motta Communications LLC is a company specializing in information technology consulting and maintenance for small businesses and attorneys.

2. My business address is: 1537 4th Street #232, San Rafael, CA 94901.

3. I have been engaged by the Rubinstein Law Group, P.C., of San Francisco, since approximately July, 2006 as an information technology consultant.

4. I am familiar with the computer and networking systems of the Rubinstein Law Group, P.C.

5. On June 28, 2007, I was contacted by our DC Counsel David Dort regarding what he described as the apparent failure to receive an electronic mail notification that he claims he was supposed to receive on or about May 15, 2007.

6. David Dort provided me with an email forward from Joe Burgess, who apparently worked for the District of Columbia Federal District Court, and an email address of: Joe_Burgess@dcd.uscourts.gov, containing a screenshot which appearing to

be technical (routing and delivery) information regarding the electronic mail notification from what apparent was an electronic mail notification to Mr. Dort at his ddort@rublaw.com account. This screenshot is included as Appendix A1.

7. During the period from July 6, 2007 to July 8, 2007, I performed an audit of the Rubinstein Law Group, P.C. servers. In attempting to trace the information in the message from Joe Burgess to David Dort, and I could not find the referenced email of May 15, 2007. I did find eight messages from the referenced address at DC Federal District Court, but none between April 4, 2007 and June 25, 2007.

8. The Rubinstein servers back up data daily, and would have backed up the email allegedly sent by the DC Federal District Court on May 15, 2007.

9. It appears as if the electronic message in question to Mr. Dort was not delivered on May 15, 2007 to the rublaw.com service, and no such message appears in the archives.

10. The Rublaw.com server is an exchange server, and Mr. Dort did not have the ability to delete emails on the server during the last year, nor did he have the ability to change the server settings.

11. In my professional opinion, the electronic message referenced in Appendix A1 to this declaration was not delivered to Mr. Dort at ddort@rublaw.com.

Pursuant to 28 US §1746, I declare under penalty or perjury that the forgoing is true and correct, and, where stated, based upon information or belief.

Executed July 9, 2007
San Rafael, CA

_James Barnes_

APPENDIX A1

Screenshot from Joe Burgess to James Barnes (via David Dort), June 28, 2007

IronPort™ MAIL FLOW CENTRAL

Outbound E-Mail Tracking -> Tracking Details

### Header Information

| Field | Value |
|---|---|
| Sender: | dcd_ecfnotice@dcd.uscourts.gov |
| Recipient(s): | ddort@rublaw.com |
| Subject: | Activity in Case 1:06-cv-01373-JR ELLIPSO, INC. et al v. DRAIM Motion for Summary Judgment |
| Message-ID Header: | 1436043@dcd.uscourts.gov |
| Message Size: | 13.75 (kB) |
| Receiving IP: | 156.119.49.94 |
| Received Time: | May 15, 2007 22:11:55 |
| SMTP Authenticated User Id: | N/A |

### Information

| Field | Value |
|---|---|
| IP Address: | 156.132.108.29 |
| Reverse DNS hostname: | dcdlei.dcd.circdc.dcn (Verified) |
| SBRS score: | none |

### Processing

| Time | Event |
|---|---|
| May 15, 2007 22:11:55 | Message enqueued |
| May 15, 2007 22:11:55 | Message matched all recipients using policy DEFAULT in the inbound table |
| May 15, 2007 22:11:55 | Message queued for delivery |

### Delivery

| Time | Event |
|---|---|
| May 15, 2007 22:11:57 | Message successfully delivered to ddort@rublaw.com at 76.208.213.129, Response: '2.6.0 <1436043@dcd.uscourts.gov> Queued mail for delivery' |

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELLIPSO, INC.,<br>A Delaware Corporation,<br><br>and<br><br>VIRTUAL GEOSATELLITE LLC, a<br>Delaware Limited Liability Company,<br><br>        Plaintiffs<br>   v.<br><br>John E. DRAIM, an individual,<br><br>        Defendant. | )<br>)<br>)<br>)<br>) Case No. 1:06cv01373 (JR)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### DECLARATION OF DAVID BOGART DORT IN SUPPORT OF THE MOTION TO VACATE THE ORDER OF JUNE 28, 2007 GRANTING DEFENDANT'S MOTION AS CONCEDED AND ALLOW PLAINTIFF TO RESPOND TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT.

I, David B. Dort, declare and state as follows:

1. I am a member of the Bars of the State of New York, the District of Columbia (including the Federal Courts of Eastern and Southern New York, DC and the Federal Circuit) and registered to practice before the United States Patent and Trademark Office and counsel for the law firm of Rubinstein Law Group, P.C, in San Francisco, CA, and also operate as a one-professional professional corporation, Dort Patent, P.C. (in Virginia) and Dort IP PLLC (in the District of Columbia).

2. I am counsel for the Plaintiff, Ellipso, Inc. and its related companies in the above captioned case.

3. I maintain an email address at ddort@rublaw.com, and have since January, 2006. My email is forwarded to a business email account: ddort@dort.com, an email address which I have maintained since April, 2004.

4. I retrieve my email at the ddort@rublaw.com account through a Microsoft Mail program Outlook, and generally check my messages at the rublaw.com account several times per day on weekdays and once or twice over a weekend.

5. On May 15, 2007, I checked my ddort@rublaw.com email account. I have several message from this account on this particular date.

6. On June 25, 2007, I received a Notice of Plaintiff's Failure to Respond in my ddort@rublaw.com email account.

7. I immediately went to my PACER account and retrieved the documents associated with the Motion of May 15, 2007.

8. After retrieving the documents associated with the Motion of May 15, 2007 through the PACER account, I immediately called the ECF clerk at the DC to notify her that I did not receive the motion of May 15, 2007.  She eventually referred me to Joe Burgess (see below).

9. I immediately called Mr. Anderson at Troutman Sanders and informed I did not get the motion of May 15, 2007.

10. Mr. Anderson emailed me a message with the Court's electronic receipt, and the faxed me a copy of a letter, dated May 16, 2007, to the court.

11. I soon thereafter, on June 25, 2007, filed a motion with this court requesting that the Plaintiff be allowed an extended time to answer the Summary Judgment.

12. I received the Defendant's Opposition to the motion to extend on June 26, 2007.

13. On June 28, 2007, I discussed the allegedly missing email of May 15, 2007 regarding the defendant's motion with Joe Burgess of the DC Federal District Court.  Mr. Burgess sent me a screenshot of the email tracking information.

14. On June 28, 2007, after speaking with Mr. Burgess, I then contacted James Barnes of San Rafael, CA, the information technology consultant for Rubinstein Law Group, P.C. regarding the missing email message of May 15, 2007 from the Federal District Court.  I asked Mr. Barnes to determine if he could find the missing email of May 15, 2007 on the "rublaw.com" server.  I forwarded the screenshot from Mr. Burgess to Mr. Barnes, so that he could trace the email.

15. On June 28, 2007, this court denied the Plaintiff's Motion in an order stating an attorney who obtains a CM/ECF password consents to electronic service of all

documents filed electronically and is "responsible for monitoring [his] email accounts, and upon receipt of a notice of electronic filing, for retrieving the noticed filing." LCvR5.4(b)(6). The Court granted the Defendant's Motion "as conceded" but granted the Plaintiff an opportunity to response to the request for Attorney's fees until July 9, 2007.

16. I have consistently monitored my email account at ddort@rublaw.com for incoming mail daily (usually multiple times per day) between April 4, 2007 and June 25, 2007, on weekdays, and generally at least once over the weekends.

17. Plaintiff submits the Declaration of James Barnes in addition to this Declaration in support of the Plaintiff's Motion to Vacate the Order of June 28, 2007, based on evidence of non-receipt.

18. I respectfully submit that at all times I complied with the local rule requirement to monitor email accounts. . Consistent with Mr. Barnes Declaration and email message of July 9, 2007 (included as Appendix B1), I did not receive any emails between April 4, 2007 and June 25, 2007 from the DC Federal District Court.

19. I also respectfully submit that based upon the submitted declarations that the court follow the standard set forth in the local rule to "monitor email accounts" (which has been met by the undersigned) and not create a strict liability of receipt based on upon the automatic email delivery notices of the Court's electronic docket.

20. I respectfully request that this Court vacate the Order granting the Defendant's motion "as conceded," based on proof of non-receipt of the motion of May 15, 2007, the Local rules having been met by the undersigned.

Pursuant to 28 US §1746, I declare under penalty or perjury that the forgoing is true and correct, and, where stated, based upon information or belief.

Executed July 9, 2007
Arlington, VA

____/davidbogartdort/_____
David Bogart Dort

APPENDIX B1:

Electronic mail from James Barnes to David Dort, July 9, 2007

### David Bogart Dort

**From:** cyberlawtech@gmail.com on behalf of James Barnes [james@mettacom.net]
**Sent:** Monday, July 09, 2007 4:09 PM
**To:** David Bogart Dort
**Subject:** Re: may 15th email

David:

My audit of your mailbox on the Rubenstein Law Group Exchange server produced the following results for mail from DCD_ECFNotice@dcd.uscourts.gov.

I feel quite comfortable signing a declaration that you never received such an email on the date in question (5/15/2007) from the address above at your rublaw.com address since you have no direct access to the mailbox I audited and all messages are simply forwarded to your personal address at dort.com. If the message never hit your rublaw.com mailbox then there is no possible way it could have been forwarded on to you at your dort.com address.

1) 4/2/2007 1:42 AM -- Answer to Complaint
2) 4/4/2007 11:47 AM -- Set/Reset Hearings
3) 4/4/2007 1:00 PM -- Set/Reset Hearings
4) 6/25/2007 10:01 AM -- Notice (other)
5) 6/25/2007 - 1:29 PM -- Motion for Extension of Time to File
6) 6/26/2007 - 7:33 AM -- Memorandum in Opposition
7) 6/28/2007 - 11:42 AM -- Memorandum & Opinion
8) 6/28/2007 - 11:47 AM -- Order on Motion for Summary Judgement

Let me know if you require any additional information regarding this matter.

Regards,
James W. Barnes

On 6/29/07, **David Bogart Dort** <ddort@dort.com> wrote:

> here it is.
>
> the email was to ddort@rublaw.com   on May 15, 2007, it should have been from this address:
>  DCD_ECFNotice@dcd.uscourts.gov
>
> thank
> david
>
> ---
>
> **From:** cyberlawtech@gmail.com [mailto: cyberlawtech@gmail.com] **On Behalf Of** James Barnes
> **Sent:** Friday, June 29, 2007 12:39 PM
> **To:** David Dort
> **Subject:** may 15th email
>
> david:

7/9/2007

i need more details on the missing email we discussed yesterday. please forward any details you might have such as sender address, exact date and time, etc. you mentioned a tracking email you were going to forward. please do.

regards,
james

--
James W. Barnes
Metta Communications, LLC
510-868-1010 vox
415-840-0332 fax
www.mettacom.net

--
James W. Barnes
Metta Communications, LLC
510-868-1010 vox
415-840-0332 fax
www.mettacom.net

7/9/2007