**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ELLIPSO, INC., <br> A Delaware Corporation, <br><br> and <br><br> VIRTUAL GEOSATELLITE LLC, a <br> Delaware Limited Liability Company, <br><br> Plaintiffs <br> v. <br> John E. DRAIM, an individual, <br> Defendant. | **REPLY MEMORANDUM** <br><br> Case No. 1:06cv01373 (JR) |

In response to the Defendant's Opposition to the Motion for Reconsideration, filed September 6, 2007. The Plaintiff hereby respectfully requests that this court reconsider, and vacate, its Order Granting Defendant's Motion "as conceded" by Ellipso, granted June 28, 2007 and deny Defendant's Motion for Summary Judgment.  A Reply Memorandum of Law and Points of Authorities in Opposition to Defendant's Motion for Summary Judgment is hereby submitted.

BY: counsel

/s/ David Bogart Dort

David Bogart Dort, DC. Bar No. 465,728

**Dort IP PLLC
(Rubinstein Law Group, P.C.)**
2020 14th Street N, Suite 700
Arlington, VA 22201
Telephone:   (202)-423-1085
Facsimile:    (202)-318-7729
Email: ddort@dort.com; ddort@rublaw.com
Attorneys for Plaintiff,
Ellipso, Inc.; Virtual Geosatellite LLC

-1-

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

ELLIPSO, INC.,
A Delaware Corporation,

and

VIRTUAL GEOSATELLITE LLC, a
Delaware Limited Liability Company,

        Plaintiffs

   v.

John E. DRAIM, an individual,

        Defendant.

**REPLY MEMORANDUM IN SUPPORT OF OPPOSITION TO MOTION FOR SUMMARY JUDGMENT AND POINTS AND AUTHORITIES**

Case No. 1:06cv01373 (JR)

**MEMORANDUM IN REPLY TO DEFENDANT'S OPPOSITION
AND REQUEST FOR ORAL ARGUMENT**

Defendant, John E. Draim, is not entitled to summary judgment in the above captioned case as the Defendant, even if his Declaration submitted May 15, 2007 were taken as true, has still failed to show that there is no genuine issue of material fact regarding his alleged misappropriation of trade secrets pursuant to DC Code §36-404(1).

**SUMMARY**

When Ellipso states that "summary judgment should be denied," plaintiff Ellipso contends that this court should reconsider its decision that the "Defendant's Motion is Granted as Conceded" as ruled by this court on June 28, 2007 and deny the Defendant's motion because it does not support the fact that there are no genuine material facts.

1) The Defendant's Motion for Summary judgment should be denied because Ellipso asserts that the Defendant: a) has not been released by any settlement agreement with third parties and b) has not been released by any previous judgments in litigation (or alleged settlement agreements) between the parties.

2) Further, The Defendant's motion for summary judgment should be denied as its trade secret misappropriation claim under DC Code §36-404 et seq. is not statutorily time-barred by the three-year statute of limitations. a) Firstly, the action is not time-barred

because Ellipso would not have been able to discover the full extent of the Defendant's alleged trade secret misappropriation until March 2, 2004, the issue date of the '126 patent, b) because the Defendant supplied most of the relevant documents on approximately April 24, 2003, as "attorney's eyes only" which would not have allowed the "competitive decision makers" for Ellipso to take appropriate action to recover their allegedly misappropriated intellectual property; and c) lastly, the action is not barred by the publication of the Defendant's "related" patent applications in May, 2002, nor the relevant publication of Ellipso's patent application on October 31, 2002.

3) Finally, the Defendant's Motion for Summary Judgment should be denied, because even if the Defendant's affidavit of May 15, 2007 were taken to be true, there still exist genuine issues of material fact relevant as to the Defendant's alleged trade secret misappropriation. a) First, the defendant admitted during cross-examination in a previous litigation between the parties that he had assigned to a third party, an invention (that he had invented with others at Ellipso) that had already been assigned to Ellipso; b) the USPTO stated that i) the Defendant's (now owned by a third party) '126 patent must be re-examined in view of Ellipso's (prior filed, but subsequently granted) '613 patent and ii) that each and every claim of the Defendant's '126 patent was anticipated by Ellipso's prior-filed (but later granted) '613 patent. c) Finally, nothing that the Defendant stated in his declaration of May 15, 2007 (nor Mr. Anderson's Declaration) shows that the Defendant had the "right" to file a patent application in his own name which included Ellipso's confidential patent application materials.

**PROCEDURAL MATTERS: The motion for reconsideration is timely.**

Ellipso's motion for reconsideration was timely, as part of the Defendant's motion was still pending, and the court gave Ellipso leave to file arguments (and evidence) based on the fact that the court had not considered any response to part of the Defendant's motion for Summary Judgment.  The court's determination in the present case was an "as conceded by Plaintiff" was not an entry of final judgment after trial (part of the motion was and is still pending) and one in which the Plaintiff did not get a chance to present any argument or evidence regarding the Defendant's motion.

The Defendant's recitation of W.C.& A.N. Miller Companies 173 F.R.D. 1 (D.D.C 1997) and Derrington-Bey is barely applicable to the present situation, if at all.  First, a part of the Defendant's motion was and is still pending.  Secondly, this court did not have an opportunity to consider Ellipso's arguments (and evidence) regarding the Defendant's motion because of non-receipt of the original motion of May 15, 2007.  The undersigned appreciates that this court considered the undersigned's evidence that the original Motion for Summary Judgment by the Defendant on May 15, 2007, was not received by electronic delivery, and granted Ellipso leave to file a Motion for Reconsideration (but this court did not vacate the original "as conceded" order of June 28, 2007).  In filing the Motion for Reconsideration as a *de facto* Motion in Opposition to the Motion for Summary Judgment, Ellipso believed that the 30-30-15 timeline for a response applied as discussed in the original scheduling conference, and has not taken the court's scheduling "cavalierly."

**1). PRELIMINARY MATTERS: RELEASE AND *RES JUDICATA*: The Defendant has not been released by any settlement agreement or the judgment in a previous litigation between the parties.**

Ellipso re-asserts that the Defendant has not been released by any settlement agreement or previous litigation. There is no dispute that the Defendant has not executed any settlement agreement, nor entered into any settlement agreement with Ellipso, nor agreed to any nor performed any terms of the settlement agreement.  In order to find that Ellipso released the Defendant in any settlement agreement with a third party, this court would have to ignore basic tenants of contract law. Mainly, this court would have to ignore that there was no agreement to the material terms of any settlement agreement nor did the Defendant perform or offer any consideration for the material terms.
The settlement agreement has been previously submitted to this court should it find it necessary to determine whether the settlement agreement is even relevant to the Defendant's Motion to Dismiss.  Ellipso reiterates that the settlement agreement is not relevant, nor has the Defendant been released.
As stated before, Ellipso is not barred by any previous judgment in any litigation regarding the Defendant.  In *Draim v. Virtual Geosatellite et al.*, the Court found that Ellipso owed a patent bonus to the Defendant (approximately $80,000, plus interest) and

that the Defendant did not engage in a "civil conspiracy" against Ellipso. However, there were no findings of fact regarding a trade secret misappropriation affirmative defense, nor would the civil conspiracy finding give rise to a finding in the trade secret misappropriation. Nor, has Judge Facciola considered further ruling on the trade secret misappropriation affirmative defense.[1]

**2). Ellipso's Trade Secret claim is not barred by the three-year Statute of Limitations**

Defendant claims that Ellipso should be barred from bringing this trade secret misappropriation because Ellipso had been aware of trade secret misappropriation prior to July 20, 2003, either because documents had been submitted to Ellipso and/or because some of the Defendant's patent applications had been made public by that date. Ellipso asserts that none of these factors prevent it from bringing a trade secret misappropriation case against it.

a) The "attorney's eyes only" effect of the Defendant's disclosures in previous litigation do not give rise to "knowledge" by the relevant "competitive decision makers" of Ellipso.

Ellipso does not dispute the fact that the Defendant submitted **most** of the relevant documents to Ellipso's attorney's in the previous litigation on or about April 24, 2003.[2] Nevertheless, the parties clearly disagree on the legal effect of the submission of documents to Ellipso's counsel at the time as "attorney's eyes only" and the remedies available to Ellipso because of this designation. First, an "attorney's eyes only" designation means that the documents submitted may not be discussed with the "competitive decision makers" of the company. *See Intervet, Inc.v. Merial Limited,* 241

---

[1] As of the date of this pleading, there is a Rule 60(b) motion before Judge Facciola based on the ruling of the USPTO and the alleged withholding by the defendant of evidence prior to trial in violation of Draim's discovery obligations and, should the Rule 60(b) motion not be granted, the entire matter is on appeal to the D.C. Circuit Court. That appeal, however, presently is stayed pending the present parties' attempts to reach a global settlement at an October 8, 2007 Court-sponsored mediation session.

[2] One of Plaintiff's bases for requesting a retrial under Rule 60(b), in the *Draim v. Virtual Geosatellite* case concerns the Defendant's continuing obligation to submit documents regarding a related foreign (European Patent Office) application by Draim, which was apparently (initially) rejected by the EPO for being duplicative of a Virtual Geo prior patent. .

FRD 55 (D.D.C., J. Facciola, 3/21/2007).[3]  The result of submitting such documents as "attorney's eyes only" is that the decision-makers would have been unable to make competitive decisions regarding intellectual property in general and patenting decisions in particular (such as filing this action against the Defendant or alternately filing an administrative action such as a protest or interference) and could not have been aware or had a remedy to recover their intellectual property through the submission of these documents to counsel.

Ellipso asserts that the Defendant's purposes of the "attorney's eyes only" documents in *Draim v. Virtual Geosatellite* must be clear to this court: to prevent the "competitive decision makers" from seeing and taking action regarding what the Defendant had filed with the patent office.  Indeed, Defendant's present contention that Ellipso should be charged with its' counsel's knowledge is the classic embodiment of a litigant blowing both "hot" and "cold."  Thankfully, the doctrine of judicial estoppel bars Defendant from successfully asserting, in the parties' prior litigation, that his EPO application and other documents could only be shared with Ellipso's attorneys and now arguing that Ellipso should be deemed to have been on notice of the EPO filing given that its counsel was aware of application through the "attorney-eyes" disclosure.  *New Hampshire v. Maine*, 532 U.S. 742, 749-50 (2001) (holding that judicial estoppel is necessary "to protect the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment." (internal quotations and citations omitted); *Am. Methyl Corp. v. Envtl. Prot. Agency*, 749 F.2d 826, 833 n.44 (D.C. Cir. 1984) (holding that judicial estoppel should be invoked when "a party prevails on a claim in one court and proceeds in a calculated manner to manipulate a second court by asserting facts at odds with those advanced before the first court").

Further, Ellipso could have known of the "unjust enrichment" claim without knowing or being able to act on the "content" of the Defendant's patent application files.  It appears

---

[3] Judge Facciola's ruling sets forth guidelines for determining whether parties are "competitive decision makers" for purposes of "attorney's eyes only" disclosures in litigation.  It is assumed that in this case Ellipso's counsel in the previous case was not such a decision maker and abided by the 'attorney's eyes only' guidelines.

that the Defendant fails to appreciate the legal effect of submitting documents as "attorney's eyes only" to Ellipso on approximately April 24, 2003. For example, although Ellipso could have known that the Defendant sold his allegedly misappropriated intellectual property to a third party, such knowledge would not likely have been subject to an "attorney's eyes only" submission, nor affected the competitive decision maker's decisions, However, Ellipso could not have known what exactly he sold which was included in the "attorney's eyes only" documents. Thus, the Defendant fails to make the distinction that he created by the submission of the "attorney's eyes only" documents on or about April 24, 2003. Clearly, the Defendant's own evidence in his filing of May 15, 2007 confirms that Ellipso did not know the extent of [4] the alleged trade secret misappropriation, even though the Defendant's attempt to assert that the knowledge of one of the Defendant's misappropriations would impute the knowledge of all his misappropriations. Letters to the Defendant from David Castiel indicated that he thought the Defendant had misappropriated material in previously issued patents (most notably the '409 patent), an assertion <u>not</u> brought in the present action.

Further, as stated before, the Defendant's PCT applications do not give rise to a statute of limitations bar. A PCT application does not confer patent ownership and/or rights, as it is not a patent application in any particular country but rather a method for preparation for filing in many countries. A Published PCT application is therefore only *disclosure and does not confer ownership rights on the Applicant until* a "national stage entry" application has been filed in a specific country.[5]

---

[4] In essence, the accusation that the Defendant misappropriated material from Ellipso's prior issued patents (the '409 patent in particular) is not an accusation of trade secret misappropriation, but rather an assertion that the Defendant was in a violation of a fiduciary duty and a contractual obligation. From a trade secret perspective, once the patents were issued, (the '409 in particular) whether prior or subsequent to the departure of the Defendant from Ellipso, anyone (including the Defendant) was entitled to incorporate the material from the '409 into their own patent applications (irrespective of whether there would be fraud committed on the USPTO). Thus, there would not have been an accusation of "trade secret" misappropriation by Ellipso.

[5] Once again, the Defendant's position that Ellipso would have known the extent of the trade secret misappropriation from the PCT applications, is based on the theory that the Defendant **destroyed** the trade secret through disclosure, The Defendant's theory does not address Ellipso's allegations in this action that the Defendant **converted** the trade secrets by claiming them as his own and misappropriating intellectual property rights. Thus, Ellipso could not have known the extent of the Defendant's misappropriation from the PCT Applications published in May, 2002 (and subsequently).

-7-

**3) The Defendant's Motion for Summary Judgment should be denied, because even if the Defendant's affidavit of May 15, 2007 were taken to be true, there still exist genuine issues of material fact relevant as to the alleged trade secret misappropriation.**

The following facts are not in dispute:

a) The defendant admitted during cross-examination in previous litigation between the parties that he had assigned an invention (that he had invented with others at Ellipso) that had already been assigned to Ellipso, to a third party. During the trial of April 18, 2006, in a trial in a previous litigation between the parties, *Draim v. Virtual Geosatellite Holdings, Inc. et al.* (1:01 cv 2690), the Defendant admitted to potentially misappropriating material belonging to Ellipso. Previously submitted Ellipso's Exhibit 1 illustrates the dialogue in the trial of April 18, 2006 on page 43:

> **Q:** (Mr. Patton): So, let's get this straight, sir. In November, in October and November of 2000 you processed and filed as sole inventor a patent that you had assigned to SRA intended to interfere with the patent you had co-invented previously when you were with Dr. Castiel's company, correct, sir?
> **A**: (Mr. Draim): Yes.

b) the United States Patent and Trademark Office stated that: i) the Defendant's '126 patent must be re-examined in view of Ellipso's (prior filed, but subsequently granted) '613 patent on May 18, 2006 and ii) that **each and every claim** of the Defendant's '126 patent was anticipated by Ellipso's prior-filed (but later granted) '613 patent (on or about March 14, 2007.

c) Nothing that the Defendant stated in his declaration of May 15, 2007 granted him the "right" to file a patent application in his own name regarding confidential patent application material, nor appears to explain or refute the defendant's admission or the findings of the USPTO.

Essentially, the Defendant's statements in his declaration of May 15, 2007, boil down to a single argument: the Defendant believes that based on his experience as an employee of an Ellipso subsidiary, that he was entitled to use and claim the materials he included in his patent applications between approximately October, 2002 and February, 2002, shortly after leaving Ellipso. It appears as if the Defendant believed that he was entitled to file

these patent applications because, the material(s), was/were not in his opinion, trade secrets. However, even if all the statements were taken as true by this court, they would not alone entitle the Defendant to summary judgment as asserted by the plaintiff (especially in view of the previously submitted evidence, the USPTO rulings, and affidavit of David Castiel). If anything, the Declaration shows that the Defendant clearly had access to Ellipso's confidential materials (whether it was publicized or not) and help in the patent application process, and whether or not, he had invented something new, (but did not limit his patent claims to something new) the USPTO has opined that the Defendant **claimed** material (every element of every claim in the '126 patent, in fact) that he had previously assigned to Ellipso as his own.

As previously stated, prior to the grant of patents, trade secret protection applies if the matter otherwise meets trade secret standards. The consequently wrongful use **or** disclosure of secret matter (emphasis added) prior to the issuance of the patent is actionable. Recovery for such wrongful use or disclosure, moreover, is entirely independent of whether the patent application ripens into a valid patent, or the patent subsequently proves unenforceable. *Milgrim on Trade Secrets* § 8.02. Finally, this court has stated that the question of the existence of a trade secret is a question that is best left for the fact-finder and "whether certain information constitutes a trade secret ordinarily is best 'resolved by a fact finder after full presentation of evidence from each side.'" *DSMC, Inc. v. Convera Corp.***,** 479 F. Supp. 2d 68, (D.D.C. 2007). It is simply premature and inappropriate for this court to find that the Defendant's statements can alone refute the misappropriation allegations and the documentary evidence submitted by Ellipso. Thus, Ellipso states the there are clearly important issues of material fact that must be considered by the fact-finder in order to determine this case.

Ellipso asserts that a fact-finder would still find that the Defendant, more likely than not, would not have filed, or been able to file, without significant expense and research, at least the '280 application and claimed material covered in Ellipso's previously filed '215 application for himself, nor would he have been able to assign other inventions to a third party namely, from material in the '025 application, from Ellipso's publicly available material had he not been privy to the confidential patent application information and misappropriated that material.

**CONCLUSION**

Therefore Ellipso reasserts the following:

1) Between May 25, 2000 and October 30, 2002, the Defendant inappropriately used confidential material from patent application material belonging to Ellipso to file patent applications of his own, claiming that he was the sole inventor of material in his applications.

2) The Defendant's admission at trial in a previous litigation and the findings of the USPTO give rise to facts which support the conclusions that the Defendant misappropriated Ellipso's confidential patent application materials.

3) Even if taken as true, the statements set forth by the Defendant in the Summary Judgment motion of May 15, 2007, there are clearly remaining questions of material fact based on the documentary evidence provided by both the Defendant and the Plaintiff.

4) Ellipso is not barred by the three-year statute of limitations because the documents submitted as "attorney's eyes only" legally could not reach the "competitive decision makers" at Ellipso who made decisions regarding intellectual property.

5) The Defendant was not released by Ellipso in a settlement agreement with a third party nor was released by Ellipso's evidentiary statement made in a previous litigation (nor the judgment in that case).

Ellipso asserts that the above arguments, the Plaintiff's Exhibits (and Declaration), and even most of the Defendant's Exhibits are supportive that a genuine issue of material fact still exists with regard to the Defendant's alleged trade secret misappropriation. Thus, Ellipso respectfully again requests that this court reconsider its decision of June 28, 2007, that the Motion for Summary Judgment by the Defendant was "conceded" by plaintiff, and vacated, and that the Defendant's Motion for Summary Judgment be denied and the present action proceed to discovery.

Finally, Plaintiff respectfully requests oral argument if this Court deems it appropriate.

BY: counsel

/s/ David Bogart Dort

David Bogart Dort, DC. Bar No. 465,728

**Dort IP PLLC**
**(Rubinstein Law Group, P.C.)**
2020 14th Street N, Suite 700
Arlington, VA 22201
Telephone:   (202)-423-1085
Facsimile:   (202)-318-7729
Email: ddort@dort.com; ddort@rublaw.com
Attorneys for Plaintiff,
Ellipso, Inc., Virtual Geosatellite LLC