### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

ELLIPSO, INC., *et al.*,           :
                                   :
        Plaintiffs,                :
                                   :
    v.                             :  Civil Action No. 06-1373 (JR)
                                   :
JOHN E. DRAIM,                     :
                                   :
        Defendant.                 :

### MEMORANDUM ORDER

Ellipso, a company that designs and patents satellite arrays, has accused former employee John Draim of stealing its trade secrets in violation of D.C. Code § 36-401 et seq. Ellipso has not identified the specific information that it alleges was a trade secret, but it generally claims that Draim used information from Ellipso's not-yet-published patent applications to file his own interfering application for United States Patent Number 6,701,126 ('126 patent). Draim has responded with three defenses: (1) that Ellipso's suit is untimely; (2) that the information he used was not a trade secret; and (3) that Ellipso signed a settlement agreement releasing him from the claim presented here. On June 28, 2007, I granted Draim's motion for summary judgment [10] because Ellipso failed to respond to it. See [14]; [15]. I then denied Ellipso's motion to vacate that judgment, see [21], but invited it to file this motion for reconsideration, undertaking to consider it as though the motion

for summary judgment were still pending.  Id.  Because I have now
concluded that Ellipso's suit is indeed untimely, the motion for
reconsideration will be denied.

### Statute of Limitations

D.C. Code § 36-406 creates a three-year filing window
for claims of trade secret misappropriation.  It states:

> An action for misappropriation must be
> brought within 3 years after the
> misappropriation is discovered or, by the
> exercise of reasonable diligence, should have
> been discovered. For the purposes of this
> section, a continuing misappropriation
> constitutes a single claim.

Assessment of Draim's statute of limitations defense is rendered
difficult by Ellipso's failure to specify the exact information
that it claims was a trade secret.

Nevertheless, it is undisputed[1] that Ellipso became
aware that Draim had used its information to file his own patent
applications before July 20, 2003 (three years prior to this
action): in late 2002 and early 2003, Ellipso sent Draim a series
of threatening letters referring to various of Draim's patent
applications and claiming that Draim had used Ellipso's

---

[1] Ellipso failed to file a proper response to defendant's
statement of material facts not in dispute.  See Jackson v.
Finnegan, Henderson, Farabow, Garrett & Dunner, 101 F.3d 145
(D.C. Cir. 1996) (a district court may deem admitted any
statements of material fact proffered by the defendant that the
plaintiff does not contest in a proper, concise statement of
material facts in dispute consistent with the local rule).

information from previous, then-unpublished patents to file them. See [10, Exhibit 10]. Ellipso even filed a complaint on March 4, 2002, alleging (on information and belief) a misappropriation of trade secrets because Draim's various patent applications had "laid claim" to still secret information contained in Ellipso's provisional patent filing of February 3, 2000, see [10, Exhibit 12] at ¶¶ 31, 34-35 – essentially the same claim that Ellipso made in its letters and makes here again. Ellipso might refute the obvious implication that it knew about the claimed misappropriation prior to July 20, 2003, by showing that there was some particular piece of information that it did not know Draim had stolen until the '126 patent issued in March 2004, but it has not done so.

The focus of this particular action is Draim's '126 patent. See [1, Exhibit 1] at ¶ 28 (claiming that the action is timely because the '126 patent did not issue until March 2004). Draim disclosed all the claims of his '126 patent in May 2002, however, when his PCT application was published. A PCT application is a method established by the Patent Cooperation Treaty for preparing to secure patent rights in many different countries. The application does not result in the issuance of any international patent rights, but it constitutes disclosure of the claimed material and can be the basis for later patent applications in particular nations. Litigants are chargeable

with constructive knowledge of published PCT applications,
especially when they have reason to look for applications by
particular companies or inventors.  See Alamar Biosciences, Inc.
v. Difco Labs., No. Civ-S-941856, 1995 WL 912345 at *5 (E.D. Cal.
Oct. 13, 1995) ("Published PCT patent applications can be
identified and obtained by a number of techniques, such as
searching databases which continuously compile such information
based on either a company's name or an inventor's name.").  When
Draim's PCT application was published in May 2002, there was
ongoing intellectual property litigation between these parties,
Ellipso already suspected Draim of stealing its trade secrets,
and Draim's PCT application set forth claims that are word for
word identical to the claims of the '126 patent.  There is thus
no genuine issue of material fact as to whether, at some time
earlier than three years before this suit was filed, Ellipso knew
or should have known that Draim had disclosed the very
information disclosed (again) by the issuance of the '126 patent.

        Indeed, a fair reading of Ellipso's litigation papers
suggests that it does not deny that it should have known – before
July 20, 2003 – that Draim had misappropriated trade secrets from
Ellipso by revealing them to others.  See, e.g., [22] at 14.
("Because Ellipso may have been aware from the Defendant's
disclosure . . . in a previous case that the Defendant had been
compensated for assigning the misappropriated trade secret

- 4 -

material to a third party, Ellipso will concede that recovery
from the Defendant for unjust enrichment prior to July 20, 2003
(but not for unjust enrichment after July 20, 2003) is barred by
the statute of limitations."). Ellipso's contention that the
instant case is timely rests instead on the proposition that
"until a patent right to the misappropriating party is granted,
the extent of the trade secret misappropriation cannot be known."
[22] at 13-14. Thus, Ellipso maintains, it does not seek to
recover from Draim for "'revealing' the trade secret, but rather
for the alleged conversion of the trade secret." Id.; see also
id. at 14 n.5. The idea, apparently, is that misappropriation by
disclosure is a wrong separate from misappropriation by use, and
that each opens its own filing window.

That argument may or may not satisfy the requirement of
Rule 11(b)(2) that a claim be "warranted by . . . a nonfrivolous
argument for the extension, modification, or reversal of existing
law or the establishment of new law,"[2] but Ellipso has not
supported it with case law, and we have found none. The
suggested rule indeed appears contrary to the plain text of the
statute, see D.C. Code § 36-401(2) ("Misappropriation means . . .
[d]isclosure or use of a trade secret") (emphasis added); D.C.
Code § 36-406 ("For the purposes of this [statute of

---

[2]    Ellipso has yet to respond to the merits of Draim's
motion for attorney's fees.

- 5 -

limitations], a continuing misappropriation constitutes a single claim."), and contrary to the undisputed fact that Ellipso sent threatening letters to Draim demonstrating that Ellipso knew in late 2002 that Draim had already filed patent applications based on the misappropriated material.

Because Ellipso's misappropriation action is barred by the statute of limitations, it is unnecessary to consider Draim's other arguments and defenses here.  Ellipso's motion for reconsideration [22] is **DENIED**.  Ellipso's merits response to Draim's motion for attorney's fees is due fourteen (14) days from the date of this memorandum order.


                                        JAMES ROBERTSON
                              United States District Judge