**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ELLIPSO, INC., *et al.*, | : |
| Plaintiffs, | : |
| v. | : Civil Action No. 06-1373 (JR) |
| JOHN E. DRAIM, | : |
| Defendant. | : |

**MEMORANDUM ORDER**

After entry of summary judgment in favor of the defendant, the remaining issue in this case is whether the imposition of sanctions is appropriate. Three legal bases for sanctions might apply: (1) Federal Rule of Civil Procedure 11(b)(2), governing frivolous legal argument; (2) 28 U.S.C. § 1927, governing vexatious litigation; and (3) D.C. Code § 36-404(1), which applies specifically to actions such as this one for misappropriation of trade secrets and makes sanctionable the filing of a suit in bad faith. Two factors convince me that sanctions are appropriate under any and all of the above.

First, as discussed in my memorandum concerning summary judgment, it was clear when this action was filed that it was untimely. See [28] at 2-6. More than three years before this action commenced, see D.C. Code § 36-406 (creating 3-year filing window), the plaintiff sent threatening letters to the defendant indicating its awareness of precisely the misappropriation alleged. Ellipso's argument that it did not know the exact

<u>nature</u> or <u>full extent</u> of the misappropriation until Draim's patent using the misappropriated information actually issued does not circumvent the plain text of the statute, as I noted in my memorandum.  Even at this date, and under the threat of sanctions, plaintiff has offered no case law or even legal argument to support its dubious theory of timeliness.  <u>See</u> <u>SEC v. Loving Spirit Foundation Inc.</u>, 392 F.3d 486, 494 (D.C. Cir. 2004) (prosecution of a matter is sanctionable when blatantly out of time).

More clearly sanctionable is Ellipso's attempt to prosecute a claim that it released as part of a settlement agreement.  Ellipso complained in a previous action before me that Draim had "filed several patent applications based upon purported inventions that are actually based upon the proprietary technology of the Ellipso System," and charged a count of misappropriation under the D.C. Code – exactly as it did in this case.  Verified Complaint [10, Exhibit 11] at ¶¶ 31-32, 45-50; <u>see also</u> Verified Amended Complaint [10, Exhibit 12] at ¶¶ 31-32, 49-54.  This dispute and others between Ellipso (and related parties) and Draim (and related parties) precipitated a settlement agreement that required the parties to dismiss all claims with prejudice.  <u>See</u> Settlement Agreement [10, Exhibit 16] at ¶ 1.1.  The agreement stipulated, however, that Ellipso and its related parties would satisfy any claims that Draim had

against them in his individual capacity.  See id. at ¶ 1.2.
David Castiel signed the agreement as President and CEO of
Ellipso, id. at 15, and executed a General Release for all claims
against John Draim.  Id. at App. B.  Thus, pursuant to the
agreement of the parties, see Joint Pretrial Statement [10,
Exhibit 15], Judge Facciola (to whom I had referred the case)
decided only the issue of Draim's entitlement to certain patent
bonuses from Ellipso, and considered all other claims dismissed.
See Findings of Fact and Conclusions of Law [29, Exhibit 4].

It thus appears clear that Ellipso released Draim from
any misappropriation claim prior to the commencement of this
action.  Ellipso halfheartedly submits that its General Release
is unenforceable because Draim did not sign a release for Ellipso
and so was without consideration.  But Ellipso presents no legal
support for the proposition that a signed release requires
consideration to be enforceable.  In any case, Ellipso did
receive consideration for its General Release.  As part of the
settlement, Draim's subsequent employer Peter Sahagen signed a
General Release of claims against Ellipso and its related parties
on behalf of the corporate entities under his control.  [10,
Exhibit 16].  Finally, the settlement agreement itself required
Ellipso to satisfy claims made by Draim as an individual, see
Settlement Agreement [10, Exhibit 16] at ¶ 1.2, making it
unremarkable that Draim did not sign a release for his individual

claims against Ellipso and that the parties allowed Judge Facciola to consider and decide them.

Attempting to prosecute a claim that has been released is quintessentially vexatious and clearly sanctionable. Accordingly, it is

**ORDERED** that Draim's motion for attorney's fees [10] is **granted**.  The Clerk is directed to re-enter judgment for defendant (see Minute Order of 10/30/2007), including reasonable attorney's fees and costs.  If the parties cannot agree on the amount of such fees and costs, Draim may submit an appropriate motion.  Any calculation should exclude any fees and costs associated with Draim's most recent reply brief [30], which was unilluminating.

```
                                        JAMES ROBERTSON
                               United States District Judge
```