UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELLIPSO, INC., *et al.*,           )<br>                                                  )<br>            Plaintiffs,              )<br>                                                  )<br>v.                                              )         Civil Action No.: 106cv1373 (JR)<br>                                                  )<br>JOHN E. DRAIM,                    )<br>                                                  )<br>            Defendants.            )<br>                                                  ) | |

## OPPOSITION TO MOTION FOR RECONSIDERATION

Defendant, John E. Draim ("Draim"), by counsel, submits the following Memorandum in Opposition to the Motion for Reconsideration of Orders entered October 30, 2007, and January 17, 2008, and for Relief From Final Judgment. In response to the Motion, Draim incorporates by reference its previously filed memoranda which address the arguments in the motion at length. In further response to the Motion, Draim submits the following memorandum.

**A.     The motion is untimely and improper.[1]**

The motion seeks reconsideration of orders entered October 30, 2007, and January 17, 2008, and purports to be filed pursuant to Rule 59 of the Federal Rules of Civil Procedure. The time period for a motion for reconsideration and/or motion pursuant to Rule 59 is ten days. *See* Fed. R. Civ. P. 59(e); *W.C. & A.N. Miller Companies v. United States of America*, 173 F.R.D. 1, 3 (D. DC 1997); *Derrington-Bey v. District of Columbia*, 39 F.3d 1224, 1225 (D.C. Cir. 1994). The instant motion was filed on February 1, 2008, more than ten days after entry of the relevant orders. Accordingly, the motion should be denied as untimely.

---

[1] Plaintiff filed a Notice of Appeal on February 19, 2008. The Notice of Appeal renders questionable (i) the jurisdiction of this Court to hear this motion for reconsideration; and/or (ii) the jurisdiction of the Court of Appeals to consider the appeal.

**B.    The motion repeats the same arguments that this Court has rejected on multiple occasions and should be denied.**

   **1.    The three year statute of limitations bars the claim.**

Plaintiffs argue that the Court erred in finding its action time-barred, given that the '126 patent did not issue until March 2, 2004. Again, the fact that the patent did not issue until March 2, 2004, is not probative. The uncontroverted evidence established that the disclosure and use of the alleged "trade secret" was known to the plaintiffs by at least April 2003. That plaintiffs did not know all of the "specifics" of the patent is not relevant. Misappropriation of a trade secret is complete upon the "disclosure or use of a trade secret of another without express or implied consent." D.C. Code § 36-401(2)(B). Because the disclosure was known to plaintiffs by at least April 2003, the claim is time-barred.

   **2.    The claims were released.**

The language of the release is clear and unequivocal and there can be no question that the Ellipso entities released Draim from any misappropriation claim prior to the commencement of this action. The Settlement Agreement was expressly conditioned upon the release of claims against individuals, including claims against Draim. As the Court correctly found, the consideration for the release rests, in part, on Sahagan's execution of a General Release of claims against Ellipso and its related parties on behalf of the corporate entities under his control. There is no authority for the proposition that the release of claims against the individuals must be supported by separate consideration.

In addition, in the litigation before Magistrate Judge Facciola, the trade secrets claim was dismissed voluntarily. Both the Joint Pretrial Statement filed by the parties (Anderson Decl. Ex. 15) and Magistrate Judge Facciola's Findings of Fact and Conclusions of Law (Document 29-2) affirm that the parties agreed to the dismissal of all claims except Draim's claim for patent bonuses.

2

This includes the claim filed in that litigation by these same parties under the D.C. Trade Secrets Act. In exchange for this dismissal, Draim dismissed his claim for rescission and for an equity interest in VGHI.

There is no clear error in the district court's finding that the claims are barred.

### 3. Draim did not violate the Delaware injunction; the re-examination process is now complete and does not establish misappropriation.

Plaintiffs argue that Draim violated the Delaware injunction when he "secretly applied for, and fleetingly obtained, the '126 patent that mimics Virtual Geo's technology." There is nothing "secret" about the patent application process. It is a public process and the plaintiffs knew of the filing shortly after it occurred. Moreover, the patent does not "mimic" Virtual Geo's technology and was not "fleetingly obtained." The United States Patent and Trademark Office recently issued an Office Communication, a copy of which is attached as Exhibit A, which establishes that the invention claimed in the '126 patent is a new and novel invention, not a duplicate of any Castiel patent (individually or in combination with other patents). The '126 patent has survived a full-scale re-examination by the PTO and plaintiffs's suggestion that the re-examination process is indicative of misappropriation and/or a violation of the injunction order is baseless.

### CONCLUSION

The motion for reconsideration does not raise any clear error of law or fact. The arguments raised by plaintiffs were fully considered and rejected by the district court. If the Court has specific questions not addressed by this or any prior memoranda, Draim would welcome notification from the Court as to the specific areas of concern. The motion should be denied, and the Court should enter an order awarding the fee amount set forth by Draim in his Response to Order of the Court filed February 1, 2008.

WHEREFORE, for the foregoing reasons, Draim respectfully requests that the motion for reconsideration be denied.

        JOHN E. DRAIM

        By Counsel

TROUTMAN SANDERS LLP
1660 International Drive, Suite 600
McLean, Virginia 22102
(703) 734-4363

By:  /s/ Mary C. Zinsner
     Mary Catherine Zinsner
     (D.C. Bar No. 430091)

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of March, 2008, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF).

        David Bogart Dort
        Rubinstein Law Group, P.C.
        2020 14th Street N, Suite 700
        Arlington, VA 22201
        Telephone: (202) 423-1085
        Facsimile: (202) 318-7729
        ddort@dort.com
        ddort@rublaw.com
        Attorney for Plaintiffs


/s/ Mary C. Zinsner