

UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450
www.uspto.gov

**DO NOT USE IN PALM PRINTER**

(THIRD PARTY REQUESTER'S CORRESPONDENCE ADDRESS)

DAVID BOGART DORT
RUBINSTEIN LAW GROUP PC
1700 DIAGONAL ROAD, SUITE 300
ALEXANDRIA, VA 22314

# EX PARTE REEXAMINATION COMMUNICATION TRANSMITTAL FORM

REEXAMINATION CONTROL NO. _90/007,974_.

PATENT NO. _6701126_.

ART UNIT _3992_.

Enclosed is a copy of the latest communication from the United States Patent and Trademark Office in the above identified *ex parte* reexamination proceeding (37 CFR 1.550(f)).

Where this copy is supplied after the reply by requester, 37 CFR 1.535, or the time for filing a reply has passed, no submission on behalf of the *ex parte* reexamination requester will be acknowledged or considered (37 CFR 1.550(g)).

PTOL-465 (Rev.07-04)

EXHIBIT
A

|  | Control No. | Patent Under Reexamination |
|---|---|---|
| **Notice of Intent to Issue Ex Parte Reexamination Certificate** | 90/007,974 | 6701126 |
|  | Examiner | Art Unit |
|  | Joseph R. Pokrzywa | 3992 |

-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --

1. ☒ Prosecution on the merits is (or remains) closed in this ex parte reexamination proceeding. This proceeding is subject to reopening at the initiative of the Office or upon petition. Cf. 37 CFR 1.313(a). A Certificate will be issued in view of
    (a) ☒ Patent owner's communication(s) filed: <u>10 December 2007</u>.
    (b) ☐ Patent owner's late response filed: _____.
    (c) ☐ Patent owner's failure to file an appropriate response to the Office action mailed: _____.
    (d) ☐ Patent owner's failure to timely file an Appeal Brief (37 CFR 41.31).
    (e) ☐ Other: _____.

    Status of Ex Parte Reexamination:
    (f) Change in the Specification:   ☒ Yes  ☐ No
    (g) Change in the Drawing(s):       ☐ Yes  ☒ No
    (h) Status of the Claim(s):
        (1) Patent claim(s) confirmed: _____.
        (2) Patent claim(s) amended (including dependent on amended claim(s)): <u>1-3, 5-12, 14-21 and 23-27</u>.
        (3) Patent claim(s) cancelled: <u>4, 13 and 22</u>.
        (4) Newly presented claim(s) patentable: _____.
        (5) Newly presented cancelled claims: _____.

2. ☒ Note the attached statement of reasons for patentability and/or confirmation. Any comments considered necessary by patent owner regarding reasons for patentability and/or confirmation must be submitted promptly to avoid processing delays. Such submission(s) should be labeled: "Comments On Statement of Reasons for Patentability and/or Confirmation."

3. ☐ Note attached NOTICE OF REFERENCES CITED (PTO-892).

4. ☐ Note attached LIST OF REFERENCES CITED (PTO/SB/08).

5. ☐ The drawing correction request filed on _____ is:  ☐ approved  ☐ disapproved.

6. ☐ Acknowledgment is made of the priority claim under 35 U.S.C. § 119(a)-(d) or (f).
    a)☐ All  b)☐ Some*  c)☐ None   of the certified copies have
        ☐ been received.
        ☐ not been received.
        ☐ been filed in Application No. _____.
        ☐ been filed in reexamination Control No. _____.
        ☐ been received by the International Bureau in PCT Application No. _____.

    * Certified copies not received: _____.

7. ☐ Note attached Examiner's Amendment.

8. ☐ Note attached Interview Summary (PTO-474).

9. ☐ Other: _____.

*signature*

Joseph R. Pokrzywa
Primary Examiner
Art Unit: 3992

cc: Requester (if third party requester)

U.S. Patent and Trademark Office
PTOL-469 (Rev.08-06)         Notice of Intent to Issue Ex Parte Reexamination Certificate         Part of Paper No 20080204

Application/Control Number: 90/007,974  
Art Unit: 3992

Page 2

## DETAILED ACTION

### *Summary of Issues*

1. Claims 1-27 of U.S. Patent Number 6,701,126 (hereafter "the '126 Patent") are subject to the present reexamination proceeding, being all the original patented claims of the '126 Patent.

2. Patent Owner's amendment was received on 12/10/07, and has been entered and made of record. In the amendment, claims 1, 10, and 19 are amended and claims 4, 13, and 22 are canceled. With that, currently, claims 1-3, 5-12, 14-21, and 23-27 remain pending.

### *Specification*

3. The amendment dated 12/10/07, adding an amended section of the specification, is acceptable and approved by the examiner.

Application/Control Number: 90/007,974  
Art Unit: 3992

Page 3

## STATEMENT OF REASONS FOR PATENTABILITY AND/OR CONFIRMATION

4.  The following is an examiner's statement of reasons for patentability and/or confirmation of the claims found patentable in this reexamination proceeding:

Claims 1, 10, and 19 are patentable as amended.

Claims 2, 3, 5-9, 11, 12, 14-18, 20, 21, and 23-27 are also deemed to be patentable, as each depend on one of the above noted patentable claims.

Regarding independent *claims 1, 10, and 19*, in the examiner's opinion, the prior art of record fails to expressly disclose the limitation requiring the argument of perigee of the orbits of each of the plurality of satellites being in one of the ranges of 195 degrees to 255 degrees and 285 to 345 degrees for apogees in the northern hemisphere and in one of the ranges of 15 degrees to 75 degrees and 105 degrees to 165 degrees for apogees in the southern hemisphere. As read in column 2, lines 31-49, the cited prior art of Castiel'260 (U.S. Patent Number 6,695,260) states "The orbits preferably have an argument of perigee of near 270 or ninety degrees, which has the effect of placing the apogee or highest point of the orbit over the northern-most or southern-most portion of the orbit respectively." With this, it would not have been obvious to one of ordinary skill in the art to have the argument of perigee within one of the ranges of 195 degrees to 255 degrees and 285 to 345 degrees for apogees in the northern hemisphere or within one of the ranges of 15 degrees to 75 degrees and 105 degrees to 165 degrees for apogees in the southern hemisphere. Similarly, the cited prior art of Castiel (U.S. Patent 6,954,613), which was presented by the Third Party in the Request for Reexamination dated 3/18/06, discusses the

Application/Control Number: 90/007,974  
Art Unit: 3992

Page 4

argument of perigee as being either 270 degrees or 90 degrees. Further, the cited prior art of Wang (U.S. Patent Number 7,184,761) does not teach the limitation requiring the argument of perigee of the orbits of each of a plurality of satellites is in one of the ranges of 195 degrees to 255 degrees and 285 to 345 degrees for apogees in the northern hemisphere and in one of the ranges of 15 degrees to 75 degrees and 105 degrees to 165 degrees for apogees in the southern hemisphere. Thus, these references fail to show the present amended claimed ranges, which require the argument of perigee of the orbits of each of the plurality of satellites being in one of the ranges of 195 degrees to 255 degrees and 285 to 345 degrees for apogees in the northern hemisphere and in one of the ranges of 15 degrees to 75 degrees and 105 degrees to 165 degrees for apogees in the southern hemisphere. With this, in the examiner's opinion, in view of the prior art of record in this reexamination proceeding, it would not have been obvious to have the cumulative features of independent claims 1, 10, and 19, as amended.

Any comments considered necessary by PATENT OWNER regarding the above statement must be submitted promptly to avoid processing delays. Such submission by the patent owner should be labeled: "Comments on Statement of Reasons for Patentability and/or Confirmation" and will be placed in the reexamination file.

Application/Control Number: 90/007,974  Page 5
Art Unit: 3992

## Conclusion

5. All correspondence relating to this ex parte reexamination proceeding should be directed:

By Mail to:  Mail Stop *Ex Parte* Reexam
Central Reexamination Unit
Commissioner for Patents
United States Patent & Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450

By FAX to:  (571) 273-9900
Central Reexamination Unit

By hand:  Customer Service Window
Randolph Building
401 Dulany Street
Alexandria, VA 22314

Any inquiry concerning this communication should be directed to the Central Reexamination Unit at telephone number 571-272-7705.

Signed:

*[signature]*

Joseph R Pokrzywa
Primary Patent Examiner
Central Reexamination Unit 3992
(571) 272-7410

Conferees:

*Gnelas*
OPQA

*[signature]*
ROLAND G. FOSTER
CRU 3992
PRIMARY EXAMINER

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Group Art Unit: 3992
Examiner: Joseph R. Pokrzywa

In Re REEXAMINATION Of:

| | | |
|---|---|---|
| Inventor(s): | John E. DRAIM | ) |
| Patent No.: | 6,701,126 | ) |
| Issued: | March 2, 2004 | ) |
| For: | SYSTEM AND METHOD FOR IMPLEMENTING A CONSTELLATION OF NON-GEOSTATIONARY SATELLITES THAT DOES NOT INTERFERE WITH THE GEOSTATIONARY SATELLITE RING | ) |
| Reexam. No.: | 90/007,974 | ) |
| Atty. Docket: | MISC.R001 | ) |

PATENT OWNER'S RESPONSE TO FINAL OFFICE ACTION DATED NOVEMBER 8, 2007

**Mail Stop Ex Parte Reexam**
Central Reexamination Unit
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

Sir:

This paper is timely filed on behalf of the Patent Owner in response to the final Office Action mailed by the U.S. Patent and Trademark Office on November 8, 2007 in connection with the above-referenced Reexamination of U.S Patent No. 6,701,126. This paper sets forth amendments to the patent to place the claims in a patentable condition in a manner consistent with the Examiner's suggestions. Approval and entry of the amendments is respectfully requested for the reasons set forth in the Remarks beginning on page 6.

If any applicable fee is not submitted herewith, the Commissioner is hereby authorized to charge the amount due to Deposit Account No. 18-0002, and is respectfully requested to advise the undersigned accordingly.

## AMENDMENTS TO SPECIFICATION

Please replace the paragraph of the patent specification beginning at column 12, line 31 with the following:

FIG. 9 illustrates the method, according to the present invention, for increasing the number of available satellite slots by adding additional ground tracks displaced from each other by a small longitudinal increment, which in the preferred embodiment shown is five degrees. As discussed above, the east-west orientation of the active arcs in the prior art virtual geo satellite system, shown in FIG. 5, limits the minimum longitudinal increment between multiple ground tracks. It can be understood from FIG. 5 that the minimum longitudinal increment for spacing multiple ground tracks in the prior art virtual geo satellite system must be greater in value than the angular length, as measured from one end to the other end, of each of the active arcs, in order to prevent the active arcs in adjacent ground tracks from overlapping and the satellites from potentially interfering with each other. On the other hand, the [The] nearly north-south orientation of the active arcs in the present invention makes it possible to pack ground tracks closer together, at a longitudinal increment that is significantly smaller than the angular length of each of the active arcs, without having the active arcs overlap, and, therefore, without incurring potential interference between satellites in the adjacent ground tracks. For the sake of clarity, FIG. 9 shows only one of the loops of three adjacent ground tracks 120, 122, 124 in detail with the 40 satellites, both active and inactive, in the loop. In the active arc between 15.4 and 60 degrees north latitude the satellites are bunched together and moving in formation along the tracks.

## AMENDMENTS TO CLAIMS

Please amend claims 1, 10 and 19, and cancel claims 4, 13 and 22, as follows:

Claim 1. (twice amended) A satellite communications system, comprising: a ground station, including communications equipment and an antenna, located at a position on the earth; a plurality of satellites in non-geosynchronous, elliptical orbits around the earth having apogees and perigees, each of the satellites having communications equipment thereon configured to communicate with the ground station only during a predetermined portion of the satellite's orbit proximate to apogee, the orbits of the plurality of satellites being configured to form at least two ground tracks on the earth having the same shape and size and displaced from each other longitudinally, each of the ground tracks repeating daily and having a number of active arcs, each active arc having an angular length corresponding to the portion of the orbit of each satellite during which the communications equipment on the satellite is enabled to communicate with the ground station, the orbits of the plurality of satellites being further configured such that at all times there are at least two of the satellites in each of the active arcs, such that the active arcs have a nearly north-south orientation, such that the longitudinal displacement between a first one of the ground tracks and a second one of the ground tracks is less than the angular length of each of the active arcs, and such that at all times each of the satellites in any one of the active arcs of the first one of the ground tracks is separated by at least a predetermined angle, as observed from the ground station, from each other satellite in the same active arc and from any satellite in an adjacent [any other] active arc of the second one of the ground tracks, wherein the argument of perigee of the orbits of each of the plurality of satellites is in one of the ranges of 195 degrees to 255 degrees and 285 to 345 degrees for apogees in the northern hemisphere and in one of the ranges of 15 degrees to 75 degrees and 105 degrees to 165 degrees for apogees in the southern hemisphere.

Cancel claim 4.

Claim 10. (twice amended) A constellation of satellites, comprising: a plurality of satellites in non-geosynchronous, elliptical orbits around the earth having apogees and perigees, each of the satellites having communications equipment thereon configured to communicate only

during a predetermined portion of the satellite's orbit proximate to apogee, the orbits of the plurality of satellites being configured to form at least two ground tracks on the earth <u>having the same shape and size and</u> displaced from each other longitudinally, each of the ground tracks repeating daily and having a number of active arcs, each active arc <u>having an angular length</u> corresponding to the portion of the orbit of each satellite during which the communications equipment on the satellite is enabled to communicate, the orbits of the plurality of satellites being further configured such that at all times there are at least two of the satellites in each of the active arcs<u>, such that the active arcs have a nearly north-south orientation, such that the longitudinal displacement between a first one of the ground tracks and a second one of the ground tracks is less than the angular length of each of the active arcs,</u> and such that at all times each of the satellites in any one of the active arcs <u>of the first one of the ground tracks</u> is separated by at least a predetermined angle, as observed from the earth, from each other satellite in the same active arc and from any satellite in <u>an adjacent</u> [any other] active arc <u>of the second one of the ground tracks, wherein the argument of perigee of the orbits of each of the plurality of satellites is in one of the ranges of 195 degrees to 255 degrees and 285 to 345 degrees for apogees in the northern hemisphere and in one of the ranges of 15 degrees to 75 degrees and 105 degrees to 165 degrees for apogees in the southern hemisphere.</u>

Cancel claim 13.

Claim 19. (twice amended) A method for satellite communications, comprising: orbiting a plurality of communications satellites about the earth <u>in non-geosynchronous,</u> <u>elliptical</u> [the] orbits having apogees and perigees; and enabling each of the plurality of communications satellites to communicate only during a predetermined portion of the orbits proximate to apogee; wherein the orbits of the plurality satellites form at least two ground tracks on the earth <u>having the same shape and size and</u> displaced from each other longitudinally, each of the ground tracks repeating daily and having a number of active arcs, each active arc <u>having an angular length</u> corresponding to the portion of the orbit of each satellite during which the communications equipment on the satellite is enabled to communicate; and wherein the satellites are orbited such that at all times at least two of the satellites are in each of the active

arcs, such that the active arcs have a nearly north-south orientation, such that the longitudinal displacement between a first one of the ground tracks and a second one of the ground tracks is less than the angular length of each of the active arcs, and such that at all times each of the satellites in any one of the active arcs of the first one of the ground tracks is separated by at least a predetermined angle, as observed from the earth, from each other satellite in the same active arc and from any satellite in an adjacent [any other] active arc of the second one of the ground tracks, and further comprising: configuring the argument of perigee of the orbits of each of the plurality of satellites to be in one of the ranges of 195 degrees to 255 degrees and 285 to 345 degrees for apogees in the northern hemisphere and in one of the ranges of 15 degrees to 75 degrees and 105 degrees to 165 degrees for apogees in the southern hemisphere.

Cancel claim 22.

## REMARKS

We have received and carefully reviewed the final Office Action in Ex Parte Reexamination mailed by the Office on March 12, 2007. The Reexamination is directed to U.S. Patent No. 6,701,126, which was issued on March 2, 2004 to John E. Draim (hereinafter "Draim").

Status of the Claims -- As of the date of the final Office Action, claims 1-27 of the Draim patent were pending. In this paper, claims 1, 10 and 19 are further amended, claims 4, 13 and 22 are cancelled; and no new claims are added.

Claim Rejections Under 35 U.S.C. §103 -- In the previous Office Action, claims 1-27 of the Draim patent were rejected under 35 U.S.C. §102(e) as being anticipated by Castiel et al., U.S. Patent No. 6,954,613 (hereinafter "Castiel '613"). The Patent Owner acknowledges with appreciation that the earlier §102 rejection has been withdrawn in response to the claim amendments and arguments made in the Patent Owner's paper received by the Office on May 10, 2007.

In the final Office Action, claims 1-3, 5-8, 10-12, 14-17, 19-21 and 23-26 are rejected under 35 U.S.C. §103(a) as being obvious over by Castiel et al., U.S. Patent No. 6,695,260 (hereinafter "Castiel '260") in view of Wang, U.S. Patent No. 7,184,761 (hereinafter "Wang"). Furthermore, claims 9, 18 and 27 are rejected under 35 U.S.C. §103(a) as being obvious over Castiel '260 in view of Wang, and further in view of Castiel '613. The Patent Owner respectfully submits that for the reasons discussed below these rejections are moot in view of the further amendments to the independent claims, claims 1, 10 and 19, made herein.

In the final Office Action, claims 4, 13 and 22 are confirmed as patentable. The Examiner acknowledges that the prior art of record fails to disclose the limitation recited in claims 4, 13 and 22, namely "the argument of perigee of the orbits of each of the plurality of satellites is in one of the ranges of 195 degrees to 255 degrees and 285 to 345 degrees for apogees in the northern hemisphere and in one of the ranges of 15 degrees to 75 degrees and 105 degrees to 165 degrees for apogees in the southern hemisphere." The Examiner cites both Castiel '260 and Castiel '613 as specifying arguments of perigee at or near 270 or 90 degrees, and concludes that it would not have been obvious to one of ordinary skill in the art

at the time the invention was made to have the arguments of perigee within the present amended ranges recited in claims 4, 13 and 22.

Amendments to Claims – Claims 4, 13 and 22, which are confirmed as patentable, depend, respectively, from independent claims 1, 10 and 19. In the present paper, the Patent Owner has elected to put claims 4, 13 and 22, in independent form by cancelling them and incorporating their limitations, which distinguish them over the applied prior art, into their respective base claims. Thus, in addition to the amendments to claims 1, 10 and 19 made in the Patent Owner's response submitted on May 10, 2007, each of the independent claims is amended herein to incorporate the limitation "the argument of perigee of the orbits of each of the plurality of satellites is in one of the ranges of 195 degrees to 255 degrees and 285 to 345 degrees for apogees in the northern hemisphere and in one of the ranges of 15 degrees to 75 degrees and 105 degrees to 165 degrees for apogees in the southern hemisphere." As a result, it is respectfully submitted that independent claims 1, 10 and 19, as now amended, patentably distinguish over the applied prior art. The Patent Owner submits that the new amendments to the claims, which add additional limitations, do not enlarge the scope of the claimed invention.

Further, it is submitted that the remaining dependent claims, claims 2-3, 5-9, 11-12, 14-18, 20-21 and 23-27, are patentable for at least the reason they depend from amended independent claims 1, 10 and 19.

Amendments to Specification – In the final Office Action, the Examiner has objected to the amendment filed by the Patent Owner on May 10, 2007 under 35 USC 132(a) as introducing new matter into the disclosure. Specifically, the Examiner objects that the terms "the prior art Virgo system" and "the Virgo system" were not used in the original disclosure in connection with Figure 5, and therefore represent new matter.

The Patent Owner's representative regrets any confusion caused by reference to the Virgo system in the amended disclosure. The term "Virgo" to describe a system of elliptical orbit satellites deployed in multiple ground tracks having orbital parameters similar to those depicted in Figures 4 and 5 of the Draim patent, was used in other patent applications filed in the same time frame as the present application (see, for example, Castiel '613, at column 16, lines 33-42) and would have been familiar to those of ordinary skill in the art, but does not actually appear in the disclosure of the Draim patent. Rather, the Draim patent uses the

terminology "virtual geo satellite" to refer to the prior art system depicted in Figures 4 and 5 (see, for example, Draim column 3, lines 10-41, and column 9, line 57 through column 10, line 24) Accordingly, to address the Examiner's "new matter" concerns, the references to "the Virgo system" and "the prior art Virgo system" in the amended paragraph of the present disclosure have been removed and the amendment revised to recite "the prior art virtual geo satellite system", so as to correspond to the terminology used in the original disclosure. The Examiner is respectfully requested to review the revised amendment to the disclosure and withdraw the new matter objection.

Conclusion

The Patent Owner's representative believes that further amendments made in this paper are limited to changes suggested in the Office Action and should require only a cursory review by the Examiner. Therefore, it is respectfully requested the proposed amendments to the claims and specifications in this submission be entered into the record and that a reexamination certificate reflecting these amendments be issued in due course.

If the Examiner believes that a conference would be of value in expediting the reexamination of the Draim patent, the Examiner is hereby invited to telephone the undersigned counsel to arrange for such a conference.

Respectfully submitted,

December 10, 2007
Date

Steven M. Rabin – Reg. No. 29,102
RABIN & BERDO, PC – Cust. No. 23995
1101 14th Street, NW, Suite 500
Washington, DC 20005
Facsimile: (202) 408-0924
Telephone: (202) 371-8976

### Proof of Service Under 37 C.F.R. §1.248

I hereby declare under penalty of perjury that a copy of this Patent Owner's Response to Final Office Action is being served on the third party requestor's attorney by being deposited with the United States Postal Service as First Class Mail under 37 C.F.R. §1.248 on this **December 10, 2007** and addressed to: David Bogart Dort, Esq., Rubinstein Law Group, PC, 1700 Diagonal Road, Suite 300, Alexandria, VA 22314.

_ANDRE M. CASTILLO_
Typed or printed name of person making service by mail

_[signature]_
Signature of person making service by mail

### Certification Under 37 C.F.R. §1.8 (if applicable)

I hereby certify that this Patent Owner's Response to Final Office Action is being deposited with the United States Postal Service as First Class Mail under 37 C.F.R. §1.8 on this **December 10, 2007** and addressed to the Commissioner of Patents, P.O. Box 1450, Alexandria, Virginia 22313-1450.

_____
Typed or printed name of person mailing the Patent Owner's Response

_____
Signature of person mailing the Patent Owner's Response