**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **ELLIPSO, INC.** *et al.* | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 06-1373 (JR)** |
| | ) | |
| **JOHN E. DRAIM** | ) | |
| | ) | |
| **Defendants** | ) | |
| _____ | ) | |

**PLAINTIFFS' REPLY TO DEFENDANT'S OPPOSITION TO MOTION FOR
RECONSIDERATION UNDER RULE 59**

Plaintiffs Ellipso *et al*. respectfully submit this Reply to Defendants' Opposition
to Motion for Reconsideration.

Plaintiffs' Motion was filed on February 1, 2008. Defendant's Opposition was not
filed until February 14, 2008 without leave from this Court as to admit such late and
unexcused submission. As such it should be rejected.

On its merits, should this Court accept this Opposition, this Court should notice
three important omissions: 1) the claims that Defendant alleges as "novel" are amended
claims, amended for the original claims that are now abandoned, hence supporting the
allegation of misappropriation made in this case; 2) since the original claims of '126 are
not claimed as patentable and abandoned as duplicates of '613, the amended claims if
they survive an expected re-examination are nonetheless improvements of the basic, and
now abandoned, original claims which belong to Plaintiffs; and 3) the said improvement
is in violation of the same Settlement Agreement under which Draim claims protection

from liability for misappropriation of Plaintiff's property. To wit Article 3.2 of the Settlement Agreement states:

"*The Sahagen Parties* [of which Draim claims to be one]*, and each of them hereby acknowledge and agree that one or more of the Castiel Parties is, to the extent that the Patent Office confers ownership, the owner of the patents, claims and protectable improvements set forth and described in Exhibit B to this Settlement Agreement.*" (emphases added).

## ARGUMENT

Draim makes three arguments against the Motion, all of which can be refuted.

1*. That the Motion is "untimely"*. The motion was filed within 10 days of the court's final order. The Motion was therefore timely filed and encompasses a reconsideration of all the issues, including attorneys fees, once it was determined that this Court had confused the identity of the Parties to the Settlement Agreement as to their obligations and that the Court relied on the Settlement Agreement to make its determinations. In that light, even the applicability of said Agreement to provide Draim protection from litigation for misappropriating Plaintiffs' technology, an allegation not directly denied and admitted at trial by Draim, must be reviewed.

2. *That Plaintiffs' arguments "have been rejected by this Court"*. Reconsideration is warranted if a party believes certain facts were misconstrued by the Court. Arguing that the Court already ruled is a circular argument that denies the need for any reconsideration. Hence this argument adds nothing. Furthermore Draim actually avoids the essence of the arguments supporting reconsideration and objects in two aspects:

a) <u>Statute of limitation</u>. Draim does not dispute that the misappropriation did not occur until the misappropriated object began its existence, i.e. the issuance of the '126 patent, later revoked as a copy of '613. The recent granting of "amended claims" sought by Draim after revocation of the original claims by narrowing the scope of the larger original claim, which are all part of '613 and which Draim sought, in his own words, in order to make '126 "distinguishable" from '613 actually support misappropriation of the original claims as of the date of granting of the now revoked original '126. In fact not all the original claims were "amended" as claims 4, 13 and 22 in the original '126 patent were abandoned and not even amended by Draim. At the very least, then, Draim misappropriated those three claims[1].

Finally, the European Patent Office (EPO) still has to bless the amendments as "distinguishable" from '613, and Draim's new patents still must survive an interference process and a re-examination of the new amended claims. However for the purposes here, the <u>original</u> claims were revoked and never claimed again.[2].

b) <u>The parties were "released" by the Settlement Agreement</u>. Clearly the "parties" were not released since Draim continued his litigation against Plaintiffs (case No. 01-2690) before this Court in which Draim admitted misaproroating Plaintiffs' technology), while considering himself immune from prosecution by those same parties

---

[1] Following the FINAL action issue don November 8, 2007 on the <u>original</u> patent application which Draim copied from '613 to obtain '126, Draim, through his attorney Philip Avruch, himself a former employee of Plaintiffs, filed for <u>amendments</u> of certain claims and <u>abandonment</u> of certain others. Draim does not mention his abandoned claims (# 4, 13 and 22) or the extent of the "amendments", primarily to claims 1, 10 and 19. All the other claims are dependent on these last three claims. The decision to abandon and amend proves undeniably the fact, which Defendants have argued all along, that Draim misappropriated Defendants' technology. A claim can be so amended multiple times as to not resemble the original claim, on which the misappropriation argument is based.

[2] These amended claims will be subject to a second reexamination which Defendants have not had the opportunity to pursue since the "amended claims" have not been issued yet.

that he was suing.  Draim still fails to address how such blatant asymmetrical arrangement can be justified by law.

3. _Draim "did not violate the Delaware injunction"_. The patent application that became '126, filed in October 2000 by Draim, secret or not, specifies "a virtual geostationary array". Virtual Geostationary technology, in addition to being a trademark of Virtual Geo, is a proprietary technology protected by the Delaware injunction issued on August 31, 2000. The Delaware injunction enjoined Draim, and his associates, from "asserting ownership" over Virtual Geo assets. By filing for a patent described as "virtual geostationary" and encompassing the virtual geo technology, which, as it was found later by the EPO and PTO, was a copy of '613, Draim violated the Delaware injunction. If Draim amended the claims, making thereby "improvements" which may or may not be "novel", then in addition to violating the Delaware injunction, Draim is in violation of the Settlement Agreement under which he claims protection. At a minimum, this Court should defer to the Delaware Court and allow the Parties to seek a declaratory ruling on such matters.

For the reasons stated here, the Motion for Reconsideration should be granted.

Respectfully submitted

April 21, 2008

/s/_____
Thomas Earl Patton
DC Bar No. 009761
Tighe Patton Armstrong Teasdale, PLLC
1747 Pennsylvania Ave., N.W.
Suite 300
Washington, DC 20006
Tel: (202) 454-2800
Fax: (202) 454-2805

s/ _____

David Bogart Dort
DC. Bar No. 465,728
**Dort IP PLLC**
**(Rubinstein Law Group, P.C.)**
2020 14th Street N, Suite 700
Arlington, VA 22201
Telephone: (202)-423-1085
Facsimile: (202)-318-7729
Email: ddort@dort.com; ddort@rublaw.com

Attorneys for Plaintiffs

## **CERTIFICATE OF SERVICE**

I certify that the foregoing Reply to Defendant's Opposition was served by ecf this

April 21, 2008 on:

Mary Zinsner
TROUTMAN SANDERS, LLP
1660 International Drive, Suite 600
McLean, Virginia 22102


/s/ _____
Thomas Earl Patton